UNITED SERVICES AUTOMOBILE ASSOCIATION, a TEXAS CORPORATION, APPELLANT, v. SHERYL J. AKERS, RESPONDENT.

No. 16089

December 18, 1986                                      729 P.2d 495

*Beckley, Singleton, DeLanoy* and *Jemison,* and *Frances A. Forsman,* Las Vegas, for Appellant.

*Roger E. Newton,* Reno, for Respondent.

## OPINION

*Per Curiam:*

The threshold issue on appeal is whether the trial court erred in excluding evidence bearing on the subject of respondent's residence. Appellant contends that the excluded evidence was critical to a fair determination of the availability of coverage under a policy of insurance issued to respondent's husband, Richard Bryner. We conclude that appellant was prejudiced by the trial court's ruling, thus mandating reversal of the judgment and a new trial.

Respondent, Sheryl Akers, was injured in a single car accident. Akers was a passenger in an automobile operated by Melanie Tholke when the accident occurred. The maximum liability coverage under the Tholke policy was $15,000.00. Respondent's husband, Richard Bryner, held an insurance policy with appellant United Services Automobile Association (USAA) that carried uninsured motorist limits of $100,000.00 per person and $200,000.00 per accident. Akers filed suit against Tholke, and USAA, realizing a potential exposure under the "resident relative" provision of its policy with Bryner, filed a complaint-in-intervention seeking declaratory relief against any claim by Akers.

Although Akers was not a named insured in Bryner's policy, her recent marriage to Bryner implicated Bryner's USAA policy by reason of the following clause:[1] " '[N]amed insured' means the individual or husband and wife named in Item 1 of the declarations, but if only one individual is named the term 'named insured' also includes his spouse, *if a resident of the same household.*" (Emphasis supplied.)

---

[1] Akers and Bryner were married on September 19, 1982, just thirty-seven days prior to the accident.

During trial, USAA sought to controvert the testimony of Akers and Bryner concerning the controlling issue of residential intent. It was conceded that Bryner and Akers had not occupied the same residence during the period between their marriage and the date of Akers' injury. The district court, accepting as true the couple's testimony concerning their future intention to reside together, found that Akers and Bryner simply "did not have time to establish a single household of their own. . . ." Unfortunately, the trial judge refused USAA its right to rebut Akers' evidence concerning residence either by cross-examination or by presentation of contradictory evidence. This was error.

USAA, frustrated in its efforts to compel discovery on the issue of Akers' and Bryner's intent to reside together, vainly sought admission of a detailed offer of proof that, if true, would be dispositive of the residence issue. USAA identified witnesses who assertedly would have testified that Akers and Bryner are homosexuals and that their marriage occurred only to assist Bryner in avoiding a discharge from the United States Air Force and to create a basis for extra allotment money. Moreover, the offer of proof indicated that the witnesses USAA identified and sought to have testify had personally heard admissions by both Bryner and Akers that the marriage was a sham, for convenience only, and that the parties never intended to live together. Clearly, the proffered testimony was not only of indisputable relevance, but, if believed by the trier of fact, would eliminate any basis for liability against USAA. Indeed, USAA asserted in its motion to allow evidence on its behalf that depositional evidence shows that the parties had never resided together from the date of the marriage in September, 1982, through the date of the filing of the motion in May, 1984, in spite of the fact that Bryner had been discharged from the Air Force since January, 1983, and had from that time been residing in Reno at different addresses than Akers.

Numerous cases support the obvious premise that intent of the parties is one of the relevant factors to be considered in determining whether, for purposes of insurance coverage, people reside in a common household. *See, e.g.,* Lumbermen's Mutual Cas. Co. v. Continental Cas. Co., 387 P.2d 104 (Alaska 1963); United Services Automobile Ass'n v. Mione, 528 P.2d 420 (Colo. Ct.App. 1974); American Security Ins. Co. v. Van Hoose, 416 So.2d 1273 (Fla.Ct.App. 1982); Firemen's Ins. Co. v. Burch, 426 S.W.2d 306 (Tex.Civ.App.), *rev'd in relevant part on other grounds* (absence of case or controversy), 442 S.W.2d 331 (Tex. 1968); Hawaiian Ins. & Guar. Co. v. Federated American Ins. Co., 534 P.2d 48 (Wash.Ct.App. 1975).

The trial court excluded all evidence and testimony USAA sought to have admitted concerning the intent of Bryner and Akers to share a common residence. The sexual preferences of Bryner and Akers were relevant in providing context and credibility to their alleged admissions that they never intended to live together as husband and wife. The district court erred in excluding evidence proffered on the subject by USAA, thereby necessitating a new trial.

The district court also erred in granting judgment against USAA in an amount in excess of Bryner's $100,000.00 policy limits. If, upon retrial and consideration of all relevant evidence, it is again determined that Akers is entitled to coverage under Bryner's policy, the judgment against USAA may not exceed policy limits.[2]

For the reasons noted above, the judgment against USAA is reversed and the cause remanded to the district court for a new trial.

---

[2]We do not agree that the trial court erred in transmuting an action for declaratory relief by plaintiff-in-intervention (USAA) into an action for damages. NRCP 54(c). In the absence of prejudice to USAA, there was no reason to delay entry of judgment to await another action.