Colleen L. HAGER, Plaintiff,

v.

AMERICAN WEST INSURANCE COMPANY (formerly known as Implement Dealers Mutual Insurance Company), Defendant.

No. CV–88–185–GF.

United States District Court,
D. Montana,
Great Falls Division.

Oct. 11, 1989.

Michael W. Cotter, Cotter & Cotter, Great Falls, Mont., for plaintiff.

Paul Haffeman and Edward W. Borer, Cure, Borer & Davis, Great Falls, Mont., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

The plaintiff, Colleen Hager, instituted the present diversity action seeking compensatory damages under the Uninsured Motorist provision of a general liability automobile insurance policy issued by the defendant, American West Insurance Company ("American West") to the closely held family corporation, Hager's, Inc. Hager seeks coverage under the uninsured motorist provision of the policy for injuries she sustained after being struck by a hit and run vehicle as she was walking in a parking lot in Bozeman, Montana. The matter is presently before the court on the parties' cross motions for summary judgment.

In denying coverage to Hager, American West maintains Hager was neither a named insured under the policy, nor was she entitled to coverage as a family member of Hager's, Inc., the policy's sole named insured. Additionally, American West, contending that, at best, Hager was a permissive user of a covered vehicle at some point in time during the term of the subject policy, submits that as a non-insured under the policy, Hager cannot be afforded coverage under the uninsured motorist provision in that she was a pedestrian and not "an occupant" of a covered vehicle at the time of the mishap.

The determinative issue is whether or not Hager was an insured within the meaning of the subject policy. Because the court finds the answer to this query to be in the affirmative, Hager is clearly entitled to coverage under the uninsured motorist provisions of the policy. This point can hardly be disputed by the defendant in light of the Montana Supreme Court's decision in *Jacobson v. Implement Dealers Mutual Ins. Co.*, 196 Mont. 542, 640 P.2d 908, 911 (1982).[1] Hager concedes that she was not a "named" insured under the subject policy, since the policy was issued to Hager's, Inc., a corporate entity. Hager contends, however, that even though she is not a named insured under the subject policy, as a minority shareholder of Hager's, Inc., she is an additional insured under the liability provisions of the policy and is cov-

---

1. Because the court finds that Hager is properly considered an insured under the subject policy and entitled to the protection afforded insureds by the uninsured motorist provision of the policy, the court need not address the correlative issue regarding Hager's entitlement to coverage as a permissive user of a covered vehicle. In that regard, Hager argues in general that coverage under the uninsured motorist provisions must be coextensive with coverage under the liability section of the policy. Restated, Hager asserts that persons covered under the liability provisions of the policy are also covered under the uninsured motorist provisions. Implicit in Hager's position is the conclusion that all permissive users would be entitled to coverage under the uninsured motorist provisions of the policy regardless of their status at the time of injury. The court expressly declines to address this contention and expresses no opinion as to the validity of Hager's position since the court concludes Hager was an insured under the terms of the subject policy.

ered as an insured under the uninsured motorist provision of the policy. In support of her position, Hager emphasizes the undisputed fact that she consistently paid a premium to insure a vehicle she owned under the subject policy.

The operative provisions of pertinence to the issue *sub judice* are as follows:

First, at Part 1, Words and Phrases, "insured" is defined:

"Insured" means any person or organization qualifying as an insured in the *"Who is Insured"* section of the applicable insurance.

Second, the "Who is Insured" section of the policy defines insured as follows:

1. *You* are an *insured* for any covered *auto*.

2. Anyone else is an *insured* while using with your permission a covered *auto you own*, hire or borrow....

Third, the uninsured motorist provisions define an insured as follows:

1. *You* or *any family member*.

2. Anyone else *occupying* a covered *auto* or a temporary substitute for a covered *auto*.

The thrust of the defendant's position is that Hager is not the named insured or a "family member" of the named insured, *i.e.*, Hager's, Inc., and consequently, is not entitled to coverage under the uninsured motorist provisions of the policy. The defendant acknowledges that Hager is a shareholder in Hager's, Inc., a closely held family corporation, but reasons *a priori* from the fact that Hager's, Inc., is a corporate entity, that it cannot have any "family member" in the literal sense.

 The provisions of the subject policy affording protection against uninsured motorists define the term "insured" in the acknowledged standard form to mean the named insured, and any relative of the

named insured while a resident in the same household as the insured. The definition also includes any other person while occupying an insured vehicle. The first of the two classes of insured claimants consists of the named insured, and any member of the named insured residing in that individual's household. As noted, *Jacobson* establishes that members of the first class need not be occupying an automobile in order to be afforded coverage under the uninsured motorist provisions. *Jacobson*, 640 P.2d at 911–912. *See also, Lopez v. Foundation Reserve Ins. Co.*, 98 N.Mex. 166, 646 P.2d 1230 (1982). Any attempt to exclude persons falling within the purview of the class created by the provisions of the policy are appropriately rejected in favor of a construction of policy provisions consistent with the remedial nature of uninsured motorist statutes. *See, e.g., Hulsey v. American Family Mutual Ins. Co.*, 142 Wis.2d 639, 419 N.W.2d 288 (1987); *Cadillac Mutual Ins. Co. v. Bell*, 50 Mich.App. 144, 212 N.W.2d 816 (1973); *California Casualty Indemnity Exchange v. Stevens*, 5 Cal. App.3d 304, 85 Cal.Rptr. 82 (1970). This conclusion is consistent with the generally accepted principle that the uninsured motorist coverage of an insurance policy may not limit the class of persons covered under the endorsement to a group smaller than that covered under the liability provisions of the same policy. *See, e.g., Girrens v. Farm Bureau Mutual Ins. Co.*, 238 Kan. 670, 715 P.2d 389 (1986); *Welch by Richards v. State Farm Mutual Auto Ins. Co.*, 122 Wis.2d 172, 361 N.W.2d 680 (1985); *State Farm Mutual Auto Ins. Co. v. Jackson*, 462 So.2d 346 (Ala.1984); *Abshere v. Prudential Ins. Co.*, 38 Wash.App. 1, 683 P.2d 625 (Wash.Ct.App.1984); *Anderson v. State Farm Mutual Auto Ins. Co.*, 471 N.E.2d 1170 (Ind.App.1984).[2]

**2.** Public policy considerations aside, the intent of the parties to the insurance contract is of paramount significance in determining whether an uninsured motorist provision is properly extended to a particular individual. *See, United Services Auto Assn. v. Akers*, 102 Nev. 598, 729 P.2d 495 (1986). In that regard, the court notes that the defendant, in moving for summary

judgment, has failed to establish by affidavit, or otherwise, its intent in issuing the subject policy, and utilizing the language ordinarily utilized in an individual automobile liability insurance policy. Rather, defendant's motion is based upon what it perceives to be an unequivocal expression of the parties' intent as reflected in the language utilized in the policy itself.

With the foregoing general observations in mind, the court turns to consider the present situation where a corporate entity is the named insured under an automobile liability policy providing uninsured motorist coverage. At first blush, it would appear reasonable to accept the proposition offered by the defendant to the effect that where a corporate entity is the named insured, a particular individual would be covered under the uninsured motorist provisions of a liability policy only if separately named as an insured. In fact, as the defendant accurately notes, a number of courts have accepted this proposition. *See, e.g., Berry v. Aetna Casualty and Ins. Co.,* 607 F.Supp. 397 (S.D.Miss.1985); *General Ins. Co. of America v. Icelandic Builders, Inc.,* 24 Wash.App. 656, 604 P.2d 966 (1979). The court has no quarrel with the general rule that the employees or officers of a corporate entity are not entitled to claim coverage under an uninsured motorist provision contained in a policy issued in the name of the corporate entity, where the employees or officers are not expressly named as insureds under the subject policy. However, the defendant cannot simply ignore the fact that the corporate entity in the case at bar is a closely held corporation with limited and clearly identifiable officers and shareholders. Where an automobile liability policy containing the "family member" terminology has been issued to a closely held corporation, it is entirely legitimate to conclude the readily identifiable officers and shareholders of that corporate entity fall within the purview of that terminology.[3] The construction of a policy in this manner is consistent with the remedial nature of uninsured motorist statutes. *See, Kaysen v. Federal Ins. Co.,* 268 N.W.2d 920 (Minn.1978).

The court's conclusion is not only consistent with the remedial nature of Montana's uninsured motorist statute, Mont. Code Ann. § 33–23–201, but, under the circumstances of the case at bar, is compelled by the law of Montana recognizing that ambiguities in an insurance policy must be construed against the insurer and in favor of the insured. *See, State Farm v. Taylor,* 223 Mont. 215, 725 P.2d 821, 823 (1986) (*citing, Bauer Ranch v. Mountain West Farm Bureau Mutual Ins.,* 215 Mont. 153, 695 P.2d 1307, 1309 (1985). The ambiguity in the subject policy is created by utilization of the term "family member" in a policy issued to a closely held family corporation. A construction of the term based upon the conclusion that a corporation cannot have "family members" in the literal sense, would directly contravene the mandate of Montana law requiring the ambiguity to be construed against the defendant. Consequently, the court finds that coverage under the uninsured motorist provision of the automobile liability policy issued by the defendant to Hager's, Inc., is appropriately extended to the plaintiff, Colleen L. Hager, as a shareholder of that closely held corporation for the injuries she sustained in the hit and run accident of October, 1985.

For the reasons set forth herein, the court concludes the plaintiff's motion for partial summary judgment be, and the same hereby is, GRANTED; and the motion for summary judgment of the defendant is appropriately DENIED.

IT IS SO ORDERED.

---

3. The court is cognizant of the fact that a definitive ruling on the precise issue presented for determination has not been rendered by the Montana Supreme Court. However, when presented with an issue of substantive state law as to which there has not been a definitive ruling by the Montana Supreme Court, this court, guided by all available sources of Montana law, must undertake to predict how the Montana Supreme Court would rule if confronted with that issue of law. *See, Meredith v. Winterhaven,* 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943); *Molsbergen v. United States,* 757 F.2d 1016, 1020 (9th Cir.1985); *cert. dismissed,* 473 U.S. 934, 106 S.Ct. 30, 87 L.Ed.2d 706 (1985); *Takahashi v. Loomis Armored Car Service,* 625 F.2d 314, 316 (9th Cir.1980).