**Gary L. HANSON and Gail Hanson, Plaintiffs,**

v.

**EMPLOYERS MUTUAL CASUALTY CO., Defendant.**

**No. CV 03–157–M–DWM.**

United States District Court,
D. Montana,
Missoula Division.

Sept. 22, 2004.

Alexander Blewett, III, Hoyt & Blewett, Great Falls, MT, Michael Maurer, Lukins & Annis, Spokane, WA, for Plaintiffs.

James M. Ramlow, Kaufman, Vidal & Hileman, PC, Kalispell, MT, for Defendant.

ORDER

MOLLOY, Chief Judge.

# I. INTRODUCTION

On May 4, 2002, Gary Hanson was jogging on a road in Spokane when a driver negligently crossed the centerline and struck him. Stipulated Facts (Facts) ¶ 1. The driver paid his policy limits of $100,000 to Gary and/or Gail Hanson. Facts ¶ 2.

Defendant Employers Mutual Casualty Co. (EMC) provided uninsured motorist coverage to P.H. Moller Co., Inc., the named insured and title owner of three vehicles. Facts ¶ 4. Gary and Gail Hanson were the sole shareholders of P.H. Moller Co., Inc., a Montana corporation doing business as Marathon Electric. Facts ¶ 3. An underinsured vehicle is an uninsured vehicle under the policy. Exh. C, Facts, *Uninsured Motorists Coverage*, at 3–4, ¶ F(3)(b).

EMC had insured P.H. Moller for several years. Until January 30, 2000, the policy defined an insured as follows:

B. Who Is An Insured

1. You.

2. If you are an individual, any "family member."

3. Anyone else "occupying" a covered "auto" or temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

Facts ¶ 6. The policy issued for the period January 30, 2000—January 30, 2001 changed the definition of an insured:

If the Named Insured is designated in the Declaration as:

1. An individual, then the following are "insureds":

A. The named insured and any "family members."

B. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

C. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

A. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto." The

covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

B. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

Facts ¶ 4. EMC did not notify Hansons of the change in definition. Facts ¶ 8.

Plaintiffs contend EMC was required by M.C.A. § 33–15–1106 to notify them of a substantive change in their insurance contract, and that they are entitled to rely on the earlier definition because of EMC's failure to do so. EMC responds that the change was not "on less favorable terms" and therefore did not trigger any duty to inform. Nonetheless, EMC argues that Hansons are not "insureds" under the earlier definition. In its Preliminary Pretrial Statement, Defendant states that it "does not contend that the 2001 revision of the policy which modified the definition of 'Who Is An Insured' in the uninsured/underinsured motorist definition applies to this claim." Defendant's Preliminary Pretrial Statement (Dkt # 19) at 3. Therefore, I will address only the issue of whether the Hansons are "insureds" under the UM endorsement as that term was defined up until 2001. Moreover, I will not address Plaintiffs' argument regarding notice, as that claim is mooted by Defendant's willingness to concede that the post–2001 definition does not apply.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The initial burden is on the moving party to establish that there is no genuine issue of material fact; once met, the burden shifts to the party opposing the motion to estab-

lish otherwise. *Erker v. Kester,* 296 Mont. 123, 988 P.2d 1221, 1224 (1999). All reasonable inferences that might be drawn from the offered evidence must be drawn in favor of the party opposing summary judgment. *Id.* If there are no genuine issues of fact, the court must determine whether the moving party is entitled to judgment as a matter of law. *Blain v. Stillwater Mining Co.,* 321 Mont. 403, 92 P.3d 4, 6–7 (2004).

### B. Applicable Law

Because this court's jurisdiction arises out of diversity, the law of Montana applies. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Montana law, the interpretation of insurance contracts is a question of law for the courts. *Marie Deonier & Assoc. v. Paul Revere Life Ins. Co.,* 301 Mont. 347, 9 P.3d 622, 630 (2000). The principles of interpretation to be applied are as follows:

The language of the policy governs if it is clear and explicit. Ambiguities are construed against the insurer. Furthermore, exclusions from coverage will be narrowly and strictly construed because they are contrary to the fundamental protective purpose of an insurance policy.

*Id.* The terms of an insurance policy must be interpreted according to their "usual, common sense meaning as viewed from the perspective of a reasonable consumer of insurance products." *Dakota Fire Ins. Co. v. Oie,* 291 Mont. 486, 968 P.2d 1126, 1129 (1998). Although doubts in coverage are construed strictly against the insurer, the court will not rewrite the terms of a policy, but will enforce the terms as written. *Generali–U.S. Branch v. Alexander,* 320 Mont. 450, 87 P.3d 1000, 1004 (2004). An ambiguity exists when a contract taken as a whole is reasonably subject to two different interpretations. *Jacobsen v. Farmers*

*Union Mut. Ins. Co.*, 320 Mont. 375, 87 P.3d 995, 997–98 (2004) (citation omitted).

### III. Applying Montana Law to Hansons' Contract

Plaintiffs advance several arguments as to why "you" must include Gary Hanson, some of which overlap. Their primary argument relies on a federal case out of this district interpreting Montana law. *Hager v. American West Insur. Co.*, 732 F.Supp. 1072, 1075 (D.Mont.1989). A second argument is that "you" must include the shareholders of a close corporation because a contrary interpretation would result in an illusion of coverage, and Montana requires an insured to provide something of value for premiums paid by an insured. A third argument is that because Defendant interpreted "you" under the med-pay portion of this contract to include Gary Hanson, it must interpret "you" under the UM/UIM endorsement similarly. Moreover, if EMC interprets "you" in two different ways, it has created an ambiguity that must be construed in favor of the insured.

### A. *Hager*: "You or Any Family Member"

Plaintiffs rely heavily on *Hager v. American West Insur. Co.*, 732 F.Supp. 1072, 1075 (D.Mont.1989), in which the court held that Colleen Hager, a minority shareholder in a closely held family corporation, was an additional insured under the corporation's uninsured motorist coverage. The policy defined an insured as "You or any family member." Judge Hatfield concluded, "Where an automobile liability policy containing the 'family member' terminology has been issued to a closely held corporation, it is entirely legitimate to conclude the readily identifiable officers and shareholders of that corporate entity fall within the purview of that terminology." *Id.* at 1075. The court explained that this conclusion was consistent with the public poli-cy manifest in the Montana uninsured motorist statute, M.C.A. § 33–23–201, as well as with the rule that ambiguities in an insurance policy must be construed in favor of the insured. *Id.* "The ambiguity in the subject policy is created by utilization of the term 'family member' in a policy issued to a closely held corporation." *Id.*

Importantly, the *Hager* definition of insured was "You or any family member." Because a corporation cannot have family members, the court found the definition ambiguous. Here, in contrast, the definition is:

1. You.
2. If you are an individual, any family member.

The *Hager* definition was ambiguous because it included family members regardless of whether the named insured was a corporation or an individual. Here, that ambiguity is absent. Moreover, the phrase, "If you are an individual" emphasizes that "you" may not be an individual. Defendants observe that *Hager* has never been cited by the Montana Supreme Court, except in dissent, *Lierboe v. State Farm Mut. Ins. Co.*, 316 Mont. 382, 73 P.3d 800, 804 (2003), and argue that it therefore offers no "definitive ruling on the precise issue." Def. Brf. Supporting Motion for Sum. Jdgmnt., at 12. It also cites numerous cases from other jurisdictions, which it contends have refused to follow the *Hager* rule, i.e., that shareholders of an insured corporation are entitled to UM or UIM coverage under the corporation's automobile liability polices. While some courts have construed *Hager* as establishing that rule, others have discerned a different rule: that the class of insureds covered by a UM/UIM policy cannot be smaller than the class of insureds covered by the liability portion of the policy. *See, e.g., Georgeson v. Fidelity & Guaranty Insur. Co.*, 48 F.Supp.2d 1262, 1265

(D.Mont.1998). Under this rule, the court must look to the liability portion of the policy, which here defines an insured as being, essentially, anyone using one of the three vehicles owned by the corporation. Exh. C, Facts, at 2, ¶ A(1).

The definition of "insured" for purposes of UM/UIM coverage is the named insured ("you"), any family members if the named insured is an individual, anyone in a covered auto (or temporary substitute of the covered auto is out of repair), or anyone with a claim for damages arising from bodily injury to another insured. If "you" is interpreted as the corporation, then the only persons covered under the UM/UIM policy are persons who are injured while in one of the vehicles owned by the corporation. Thus, under both the liability and UM portions of the policy, anyone in a vehicle owned by the corporation would be covered. This interpretation of *Hager*, therefore, does not force the conclusion that the Hansons are covered.

Whether *Hager* stands for the rule that a policy issued to a close corporation is ambiguous if it refers to family members, or for the rule that the class of insureds covered for liability must be coextensive with the class covered for damages from uninsured motorists, it is sufficiently distinguishable from this case to render it unpersuasive.

### B. *Reasonable Expectations*

Plaintiffs also argue that a corporation cannot be covered under an UM/UIM endorsement, because uninsured coverage applies only to bodily injury, which a corporation cannot suffer. Under the doctrine of "reasonable expectations," they argue that the policy must be interpreted so as to cover the Hansons, because a reasonable consumer would expect such coverage.

■■ The reasonable expectations doctrine provides that the objectively reasonable expectations of insurance purchasers about the terms of their policies should be honored even if a painstaking study of the policy would negate those expectations. *Transamerica Ins. Co. v. Royle*, 202 Mont. 173, 656 P.2d 820, 824 (1983); *American Family Mut. Ins. Co. v. Livengood*, 292 Mont. 244, 970 P.2d 1054, 1059 (1998). An insurance contract is to be interpreted from the viewpoint of a consumer with average intelligence, with no training in law or insurance. *Leibrand v. National Farmers Union Property & Casualty Co.*, 272 Mont. 1, 898 P.2d 1220, 1225 (1995).

Plaintiffs argue that the Hansons' purchase of UM/UIM coverage indicates their expectation that the "bodily injury" covered by that provision would be their bodily injury, not the corporation's. At the very least, they argue, it creates ambiguity in the contract. "Any ambiguity in an insurance policy must be construed in favor of the insured, and in favor of extending coverage." *Mitchell v. State Farm Ins. Co.*, 315 Mont. 281, 68 P.3d 703, 709 (2003).

■ As a general rule, the Montana Supreme Court has consistently held that "an insurer may not place in an insurance policy a provision that defeats coverage for which the insurer has received valuable consideration." *Ruckdaschel v. State Farm Mutual Auto. Ins. Co.*, 285 Mont. 395, 948 P.2d 700, 702 (1997); *Bennett v. State Farm Mut. Auto. Ins. Co.*, 261 Mont. 386, 862 P.2d 1146 (1993). More specifically, "an insurer is not allowed to deny coverage for which it has received valuable consideration." *Ruckdaschel*, 948 P.2d at 702.

If the Hansons have been paying premiums for UM/UIM coverage through their close corporation, Montana public policy requires that they be receiving coverage under that portion of the policy. Had either of the Hansons been in a company-owned vehicle when they were injured,

they would have been insured under the UM/UIM endorsement. It is Gary Hanson's status as a pedestrian at the time of his injury that takes him out of the policy coverage. Therefore, if it is legitimate for the insurer to provide UM/UIM coverage to occupants of covered vehicles only, and not to pedestrians, then the Hansons arguably received the value of their reasonable expectations.

 Underinsured motorist coverage is "personal and portable" under Montana law. *Mitchell v. State Farm,* 315 Mont. 281, 68 P.3d 703, 712 (2003). The purpose of the uninsured motorist insurance statute is "to protect completely, those willing to accept its protection, from all harm, whatever their status passenger, driver, pedestrian at the time of injury, produced by uninsured motorists. The only restrictions are that the plaintiff must be an insured, the defendant motorist uninsured, and that plaintiff be legally entitled to recover." *Guiberson v. Hartford Casualty Ins. Co.,* 217 Mont. 279, 704 P.2d 68, 74 (1985) (citing *Jacobson v. Implement Dealers Mutual Ins. Co.,* 196 Mont. 542, 640 P.2d 908, 911 (1982)).

 These cases establish the proposition that Montana public policy supports a broad interpretation of uninsured motorist coverage. Nonetheless, the statute does not require that such coverage be sold irrespective of an auto insurance policy. In other words, UIM coverage is neither so personal nor so portable that insurers must sell it to individuals who are not buying auto insurance policies. I think, therefore, that as long as it is legal for an insurer to sell an automobile liability policy to a corporation, which is the named insured, it is legal for the insurer to limit the class of covered individuals to those who are occupying covered vehicles at the time they are injured. I do not think Montana's policy favoring underinsured motorist coverage is defeated by allowing an insurer to provide UIM coverage for occupants of corporate-owned vehicles only, and not for pedestrians.

Thus, the clear language of the insurance contract rebuts Plaintiffs' reasonable expectations argument, which is not saved by resort to policy arguments.

### C. *"You" Under the Medical Payments Endorsement*

 The more difficult issue is Plaintiffs' last argument, presented by the fact that EMC paid Hanson as an insured under the med-pay endorsement, which defines an insured as:

1. You while "occupying" or, while a pedestrian, when struck by any "auto."

2. If you are an individual, any "family member" while occupying" or, while a pedestrian, when struck by any "auto."

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

EMC paid Hanson $15,000 in medical payments under this endorsement—$5,000 from each of P.H. Moller's three policies. Plaintiffs contend that EMC cannot reasonably interpret "you" in the med-pay definition to include Hanson individually without applying the same definition to the UM/UIM definition. The Defendant's argument is that the med-pay endorsement was ambiguous because it could not reasonably be understood to apply to a corporation because of the language modifying "you." Recognizing this ambiguity, and in light of the rule that ambiguities must be resolved in favor of coverage, Defendant opted to pay Hanson under the medical payments endorsement.

EMC correctly notes that the "you" in the med-pay definition is ambiguously modified by language that can only apply to a person, and never to a corporation, while the "you" in the UIM definition stands alone. Therefore, it argues, it paid Hanson under the med-pay because of that additional language; because it is lacking in the UIM definition, it should not have to pay.

 Construction of words and phrases within an insurance policy must attempt to reconcile all parts of the insurance contract. *Holeman,* 961 P.2d at 119. An ambiguity exists when "the contract taken as a whole in its wording or phraseology is reasonably subject to two different interpretations." *Id.* (citing *Canal Ins. v. Bunday,* 249 Mont. 100, 813 P.2d 974 (1991)). EMC has created an ambiguity by its interpretation of "you" in the med-pay provision as being Gary Hanson individually, which directly conflicts with its interpretation of "you" in the underinsured provision as being P.H. Moller Co., Inc. Because ambiguities in insurance contracts must be construed against the insurer, and in favor of coverage, "you" must be consistently interpreted in this policy as including the sole shareholders of P.H. Moller Co., Inc., Gary and Gail Hanson. Therefore, because of the ambiguity created by EMC's interpretation of the insurance contract, Gary Hanson is an "insured" under the UIM coverage of the EMC policy.

## IV. CONCLUSION

Taken on its own, the uninsured motorist definition of who is covered is unambiguous, and legitimately excludes coverage of individuals who are not in covered autos at the time they are injured. But the insurance policy must be read as a whole. The medical payments definition of who is covered implicitly recognizes that "you" is an individual, while the uninsured motorist definition can be interpreted as referring to the corporate "you" only. Such an ambiguity must be construed in favor of coverage.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (Dkt.# 12) is GRANTED, and Defendants' Motion for Summary Judgment (Dkt.# 10) is DENIED. The Clerk is directed to notify the parties accordingly.