No. 04-580

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 260

ROBIN MICHELL LAFLEUR MECCA
and REBECCA LORIE LYNN BAILEY,

        Plaintiffs and Appellants,

  v.

FARMERS INSURANCE EXCHANGE,

        Defendant and Respondent.

APPEAL FROM:    The District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV 2002-310,
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        Palmer A. Hoovestal, Hoovestal Law Firm, Helena, Montana

        For Respondent:

        Mark S. Williams and Susan Moriarity Miltko, Williams Law
Firm, Missoula, Montana

Submitted on Briefs:  March 9, 2005

Decided: October 25, 2005

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Robin Mecca and Rebecca Bailey (Appellants) appeal from the order entered by the First Judicial District Court, Lewis and Clark County, granting summary judgment to Farmers Insurance Exchange (Farmers).  We affirm.

¶2     The following issue is dispositive on appeal:

¶3     Did the District Court err in granting summary judgment in favor of Farmers on the ground that the underinsured motorist coverage policy did not apply?

## BACKGROUND

¶4     On December 4, 1999, a vehicle occupied by the Appellants was struck by a U-Haul truck driven by Karl Hase, who was extremely intoxicated at the time.  Both Appellants were injured.  Hase was indigent and had no assets, but was covered by an insurance policy in the amount of $25,000 per person and $50,000 per occurrence.[1]  After obtaining a default judgment in the amount of $671,150.00 for Mecca and $161,566.56 for Bailey, pursuant to a negligence suit against Hase, the Appellants settled with Hase and his insurance company.  Under the terms of the settlement, Mecca and Bailey each received $25,000 from the insurance company, and they released Hase from further liability.

¶5     The Appellants also brought suit against U-Haul alleging negligent entrustment, eventually settling their claims for a total of $125,000 and releasing U-Haul from any further liability.  The Appellants did not inform Farmers of their settlement with U-Haul.

[1]This policy was purchased through U-Haul from Republic Western Insurance Company.  It covered Hase as a renter of the vehicle, but it was separate from the bodily injury policy that covered U-Haul's vehicle.

2

¶6      At the time of the accident, Mecca had an underinsured motorist policy with Farmers in the amount of $30,000 per person and $60,000 for each occurrence, and U-Haul had applicable bodily injury liability insurance valued at approximately $7 million.  Mecca's underinsured motorist policy stated in relevant part:

> We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an UNDERinsured motor vehicle because of bodily injury sustained by the insured person.
>
> **Limits of Liability**
>
> a. Our liability under the UNDERinsured Motorist Coverage cannot exceed the limits of the UNDERinsured Motorist Coverage stated in this policy, and our maximum liability under the UNDERinsured Motorist Coverage is the lesser of:
> 1. The difference between the amount paid in damages to the insured person by and for any person or organization who may be legally liable for the bodily injury, and the limit of UNDERinsured Motorist Coverage; or
> 2. The amount of damages established but not recovered by any agreement, settlement, or judgment with or for the person or organization legally liable for the bodily injury.

The policy defined an underinsured motor vehicle as follows:

> c. Underinsured Motor Vehicle - means a land motor vehicle when:
> 1. the ownership, maintenance or use is insured or bonded for bodily injury liability at the time of the accident; and
> 2. its limit for bodily injury liability is less than the amount of the insured person's damages.

In addition, the policy included the following provision:

> Other Insurance
> 1. We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.

3

2. The amount of UNDERinsured Motorist Coverage we will pay shall be reduced by the amount of any other bodily injury coverage available to any party held to be liable for the accident.

¶7 The Appellants brought suit against Farmers seeking payment under the terms of the underinsured motorist policy. Both parties filed motions for summary judgment, and the District Court granted the motion submitted by Farmers and denied the Appellants' motion. Mecca and Bailey appeal.

STANDARD OF REVIEW

¶8 We apply *de novo* review to a district court's grant of summary judgment. *Edie v. Gray*, 2005 MT 224, ¶ 11, 328 Mont. 354, ¶ 11, __ P.3d __, ¶ 11. We apply the criteria contained in Rule 56, M.R.Civ.P., which provides that "the moving party must establish both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Edie*, ¶ 11.

¶9 In *Travelers Cas. and Sur. Co. v. Ribi Immunochem Research, Inc.*, 2005 MT 50, ¶ 17, 326 Mont. 174, ¶ 17, 108 P.3d 469, ¶ 17 (internal citations and quotation marks omitted), we articulated our approach to the interpretation of insurance contracts:

> General rules of contract law apply to insurance policies and we construe them strictly against the insurer and in favor of the insured. Courts give the terms and words used in an insurance contract their usual meaning and construe them using common sense. Any ambiguity in an insurance policy must be construed in favor of the insured and in favor of extending coverage. An ambiguity exists where the contract, when taken as a whole, reasonably is subject to two different interpretations. Courts should not, however, seize upon certain and definite covenants expressed in plain English with violent hands, and distort them so as to include a risk clearly excluded by the insurance contract.

DISCUSSION

**¶10 Did the District Court err in granting summary judgment in favor of Farmers on the ground that the underinsured motorist coverage policy did not apply?**

¶11 The parties agree that U-Haul's bodily injury insurance covered U-Haul's liabilities to the Appellants in their claim against U-Haul. However, the Appellants contend that U-Haul's insurance policy has no bearing on Mecca's underinsured motorist policy with Farmers and that Mecca's policy should pay toward the damages caused by Hase's negligence that were not covered in the settlement with Hase's insurance company. Farmers responds that, by the terms of Mecca's policy, the underinsured motorist coverage in that policy does not apply.

¶12 The District Court determined that Farmers' subrogation rights were prejudiced by the Appellants' failure to inform the insurer of the settlement with U-Haul, distinguishing this case from our holding in *Sorensen v. Farmers Ins. Exch.* (1996), 279 Mont. 291, 927 P.2d 1002. The District Court further held that the "crucial element" of Mecca's policy was "that it attaches underinsured coverage to an underinsured motor vehicle," adding, "[t]he policy does not address the situation where the driver of the vehicle is underinsured." Finally, the District Court reasoned that, even if the policy did attach to the operator, the truck Hase was driving was not underinsured because it was covered by a $7 million insurance policy, the limits of which had not been reached, concluding, "even if the Farmers' underinsured motorist policy did apply, Farmers would be entitled to a credit for the full amount of U-Haul's policy limits of $7 million, thereby barring any recovery from Farmers."

5

¶13 The Appellants argue that the District Court erred by concluding that the Farmers policy attaches to a vehicle and not the owner or operator thereof. They contend that it is incoherent that "underinsured motorist" insurance would attach to a vehicle and not a "motorist." Therefore, according to the Appellants, the Farmers policy attached to Hase–the "motorist" and "operator"–who was underinsured relative to the judgment entered against him. In support of their argument, the Appellants rely on *Farmers Alliance Mut. Ins. Co. v. Holeman*, 1998 MT 155, 289 Mont. 312, 961 P.2d 114, contending that, in accordance with *Holeman*'s admonition that an insurance policy should be read as a whole, one cannot read a "motorist's" policy such that it attaches to a vehicle and not an operator of that vehicle.

¶14 We find the Appellants' argument unpersuasive and agree with the District Court's reading of the policy. Essential to our holding in *Holeman* was the principle that "an insurer's liability for underinsured motorist benefits in any given case arises from the terms of the insurance contract . . . ." *Holeman*, ¶ 21. Here, the plain terms of the policy state that Farmers will pay sums that Mecca is "legally entitled to recover as damages from the owner or operator of an UNDERinsured motor vehicle . . . ." As used in the policy, the term "UNDERinsured" modifies "motor vehicle," not "owner" or "operator." The policy's definition of the term "underinsured motor vehicle" includes those vehicles insured for bodily injury liability at the time of the accident, when that insurance is less than the amount of the insured person's damages. Moreover, nothing in the policy diminishes the requirement that the operator must operate an underinsured motor vehicle. Unlike *Holeman*, the vehicle here was not underinsured.

6

¶15 Therefore, application of underinsured coverage, by the policy's terms, was dependent upon the available coverage on the vehicle at issue, which was the U-Haul truck and the $7 million bodily injury coverage thereon. Because that amount exceeds the Appellants' damages and Mecca's policy pays claims "only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted," the U-Haul truck was not underinsured, and the underinsured policy was not applicable. Thus, the Appellants are not entitled to any remuneration from Farmers thereunder.

¶16 Given our determination herein, we need not address the other arguments made by the parties.

¶17 Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS

7