FILED

10/10/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0162

DA 17-0162

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 246

KILBY BUTTE COLONY, INC.,

        Plaintiff and Appellant,

   v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
                    In and For the County of Musselshell, Cause No. DV-14-81
                    Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Torger S. Oaas, Attorney at Law, Lewistown, Montana

        For Appellee:

            Guy W. Rogers, Jon A. Wilson, Brown Law Firm, P.C., Billings, Montana

                         Submitted on Briefs:  August 2, 2017

                               Decided:  October 10, 2017

Filed:

                                  _____
                                          Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Plaintiff Kilby Butte Colony, Inc., ("Kilby Butte" or "Colony") appeals the order by the Fourteenth Judicial District Court, Musselshell County, denying its summary judgment motion and granting summary judgment to Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). We address the following issue:

> *Whether the District Court erred by granting summary judgment to State Farm on the grounds that the Stahls did not qualify as insureds under Kilby Butte Colony's State Farm Policy.*

¶2 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 On December 15, 2013, Mary Ann and Ivan Stahl were injured in an automobile accident when traveling in Saskatchewan, Canada. At the time of the accident, the Stahls were passengers in a motor vehicle owned by a Canadian Hutterite Colony. Another individual was at fault for the accident.

¶4 The Stahls are members of the Kilby Butte Hutterite Colony. Kilby Butte is a Montana religious corporation with a community treasury that engages in business for the common benefit of its members. Hutterite colony members own assets of the community collectively; therefore, the Stahls cannot own a vehicle in their individual capacities. Kilby Butte owns multiple vehicles all titled and insured in the Colony's name. All of the Colony's auto insurance policies were purchased through State Farm at State Farm's agency office in Lewistown. No individual Colony members were listed as named insureds on any vehicle owned by the Colony.

2

¶5    The Colony submitted a claim to State Farm on behalf of the Stahls under its 2006 Freightliner Policy ("Policy") that provided underinsured motorist coverage ("UIM Coverage") in the amount of $50,000 per person and $100,000 per accident. State Farm declined the Stahls' claim because the Stahls were not occupying the Freightliner at the time of their accident and did not meet the definition of "insured" under the Policy. The declaration page for the Policy listed the named insured as "Kilby Butte Colony." The UIM Coverage is detailed in Policy Form 9826A "State Farm Car Policy Booklet" as follows (emphasis in the original):

> **Insuring Agreement**
>
> *We* will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***underinsured motor vehicle***. The bodily injury must be:
>
> 1.    sustained by an ***insured***; and
>
> 2.    caused by an accident that involves the operation, maintenance, or use of an ***underinsured motor vehicle*** as a motor vehicle.

Policy Form 9826A defines "insured" as follows in regards to UIM Coverage (emphasis in the original):

> ***Insured*** means:
> 1.    ***you***;
> 2.    ***resident relatives***;
> 3.    any other ***person*** who is not insured for underinsured motor vehicle coverage under another vehicle policy and only while that ***person*** is ***occupying*** a ***car***:
>> a.    that is used within the scope of ***your*** consent;
>> b.    the ownership, maintenance, or use of which is provided liability coverage by one of the ***State Farm Companies***; and

3

c. that is either:

(1) ***owned by***:

(a) the first ***person*** shown as a named insured on the Declarations Page or that named insured's spouse who resides primarily with that named insured; or

(b) any ***resident relative***; or

(2) a ***temporary substitute car***.

Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and

4. any ***person*** who has not sustained a ***bodily injury*** but is entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

Policy Form 6926A.2 "Amendatory Endorsement" amends the definition of "insured" in regards to UIM Coverage as follows (emphasis in the original):

6. **UNDERINSURED MOTOR VEHICLE COVERAGE**

a. **Additional Definitions**

Item 3. of ***Insured*** is changed to read:

3. any other ***person*** who is not insured for underinsured motor vehicle coverage under another vehicle policy and only while that ***person*** is ***occupying*** a vehicle that would qualify as:

a. "***your car***",

b. a "***newly acquired car***", or

c. a "***temporary substitute car***"

as defined in Definitions of any vehicle policy providing Liability Coverage issued by the ***State Farm companies*** to ***you*** or any ***resident relative***. Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***. . . .

4

The Policy is also subject to Policy Form 6030BF.1 "Business Named Insured," which

provides in pertinent part (emphasis in the original):

> This endorsement is a part of the policy. **Because of the type of named insured shown on the Declarations Page of this policy and the changes made below, all references to resident relatives and non-owned cars in the policy are deleted**. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.
>
> *You* or *Your* is changed to read:
>
>> *You* or *Your* means the named insured or named insureds shown on the Declarations page.

Policy Form 6030BF.1 amends the definition of insured in regards to UIM Coverage as

(emphasis in the original):

> 4.     **UNINSURED MOTOR VEHICLE COVERAGE** and **UNDERINSURED MOTOR VEHICLE COVERAGE**
>
> **Additional Definitions**
>
> *Insured* is changed to read:
>
>> *Insured* means:
>>
>> 1. any *person* while *occupying*:
>>
>>> a. *your car*;
>>>
>>> b. a *newly acquired car*; or
>>>
>>> c. a *temporary substitute car.*
>>>
>>> Such vehicle must be used within the scope of *your* consent. Such *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and
>>
>> 2.    *you* or any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* defined in item 1. above.

Policy Form 9826A defines "newly acquired car," "occupying," "owned by," "temporary

substitute car," and "your car" as (emphasis in the original):

*Newly Acquired Car* means a *car* newly owned by you.

.   .   .

*Occupying* means in, on, entering, or exiting.

.   .   .

*Owned By* means:

1.      owned by;

2.      registered to; or

3.      leased, if the lease is written for a period of 31 or more consecutive days, to.

.   .   .

*Temporary Substitute Car* means a *car* that is in the lawful possession of the *person* operating it and that:

1.      replaces *your car* for a short time while *your car* is out of use due to its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. damage; or

   e. theft; and

2. neither *you* nor the *person* operating it own or have registered.

.   .   .

*Your Car* means the vehicle shown under YOUR CAR on the Declarations Page. *Your Car* does not include a vehicle that *you* no longer own or lease.

¶6      After State Farm declined the Colony's UIM claim submitted on behalf of the Stahls, the Colony filed suit. The parties filed cross-motions for summary judgment, and the District Court held oral arguments on April 23, 2015. On March 1, 2017, the District Court granted State Farm's Motion for Summary Judgment, denied the Colony's Motion, and determined that the Stahls did not qualify for UIM Coverage because the Stahls did not satisfy the definition of an "Insured" within the terms of the policy. Relying on

6

*Hanson v. Emp'rs Mut. Cas. Co.*, 336 F.Supp.2d 1070 (D. Mont. 2004), *Am. States Ins. Co. v. Flathead Janitorial & Rug Servs.*, 2015 MT 239, 380 Mont. 308, 355 P.3d 735, and *Stonehocker v. Gulf Ins. Co.*, 2016 MT 78, 383 Mont. 140, 368 P.3d 1187, the District Court held that "so long as an insurance policy is unambiguous, a claimant must satisfy the policy definition of an insured in order to qualify for UIM Coverage. It is not a violation of a claimant's reasonable expectations for a corporate insurance policy to restrict the class of insureds for which its policy provides coverage."

## STANDARDS OF REVIEW

¶7     We review a district court's entry of summary judgment de novo. *Stonehocker*, ¶ 9 (citing *McClue v. Safeco Ins. Co.*, 2015 MT 222, ¶ 8, 380 Mont. 204, 354 P.3d 604). "Summary judgment is appropriate when the moving party demonstrates both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law." *Stonehocker*, ¶ 9 (citing M. R. Civ. P. 56). When there are cross-motions for summary judgment, a district court must evaluate each party's motion on its own merits. *Halenga v. Schwein*, 2007 MT 80, ¶ 18, 336 Mont. 507, 155 P.3d 1242. On cross-motions for summary judgment, where the district court is not called to resolve factual disputes and only draw conclusions of law, we review the district court's conclusions of law to determine whether they are correct. *Bud-Kal v. City of Kalispell*, 2009 MT 93, ¶ 15, 350 Mont. 25, 204 P.3d 738.

¶8     The interpretation of an insurance contract is a question of law that we review de novo to determine whether the district court is correct. *Stonehocker*, ¶ 10 (citing *Tidyman's Mgmt. Servs. v. Davis*, 2014 MT 205, ¶ 13, 376 Mont. 80, 330 P.3d 1139).

## DISCUSSION

¶9     *Whether the District Court erred by granting summary judgment to State Farm on the grounds that the Stahls did not qualify as "insureds" under Kilby Butte Colony's State Farm Policy.*

¶10    We use the following approach to interpret insurance contracts:

> General rules of contract law apply to insurance policies and we construe them strictly against the insurer and in favor of the insured. Courts give the terms and words used in an insurance contract their usual meaning and construe them using common sense. Any ambiguity in an insurance policy must be construed in favor of the insured and in favor of extending coverage. An ambiguity exists where the contract, when taken as a whole, reasonably is subject to two different interpretations. Courts should not, however, seize upon certain and definite covenants expressed in plain English with violent hands, and distort them so as to include a risk clearly excluded by the insurance contract.

*Mecca v. Farmers Ins, Exch.*, 2005 MT 260, ¶ 9, 329 Mont. 73, 122 P.3d 1190 (quoting *Travelers Cas. and Sur. Co. v. Ribi Immunochem Research, Inc.*, 2005 MT 50, ¶ 17, 326 Mont. 174, 108 P.3d 469). We read insurance policies as a whole and reconcile the policy's various parts to give each part meaning and effect. Section 33-15-316, MCA; *Newbury v. State Farm Fire & Cas. Co. of Bloomington, Ill.*, 2008 MT 156, ¶ 19, 343 Mont. 279, 184 P.3d 1021. We recognize the reasonable expectations doctrine and have consistently held that the objectively reasonable expectations of insurance purchasers regarding their policy terms should be honored, even if a painstaking study of the policy negates expectations. When applying the doctrine, an insurance contract is to be interpreted from the viewpoint of a consumer with average intelligence, with no training in the law or insurance. *Flathead Janitorial*, ¶ 22 (citing *Leibrand v. Nat'l Farmers Union Prop. & Cas. Co.*, 272 Mont. 1, 7, 898 P.2d 1220, 1224 (1995)).

¶11 Simply because a party claims a contract provision is ambiguous or disagrees with the meaning of a provision does not make it so. *Giacomelli v. Scottsdale Ins. Co.*, 2009 MT 418, ¶ 32, 354 Mont. 15, 221 P.3d 666. Courts will not distort the language of a contract provision to create an ambiguity that does not exist. *Giacomelli*, ¶ 32.

¶12 The Colony contends that the Policy and its endorsements limit UIM Coverage to injured persons who both own and occupy an insured motor vehicle. The Colony argues that individual Colony members can never qualify for UIM Coverage because Colony members cannot own Colony motor vehicles. Thus, the Colony contends the Policy's UIM Coverage is illusory. The Colony asserts the Stahls are entitled to the UIM Coverage based on public policy considerations espoused in *Chaffee v. U.S. Fidelity & Guaranty Co.*, 181 Mont. 1, 591 P.2d 1102 (1979), and *Bennett v. State Farm Mut. Auto. Ins. Co.*, 261 Mont. 386, 389, 862 P.2d 1146, 1148 (1993) ("The public policy embodied in these decisions is that an insurer may not place in an insurance policy a provision that defeats coverage for which the insurer has received valuable consideration.").

¶13 The Colony maintains UIM Coverage is "personal and portable" and is provided even if the UIM claimant is not occupying an insured vehicle. *See Mitchell v. State Farm Ins. Co.*, 2003 MT 102, ¶ 40, 315 Mont. 281, 68 P.3d 703. An exception to this rule, however, exists for corporate or business auto insurance policies that require occupancy of the corporate owned vehicle as a condition of coverage. The problem with this exception as applied to this case, the Colony argues, is that most individuals can purchase UIM Coverage for themselves through their personal auto insurance policies. *See Stonehocker*, ¶ 17; *Flathead Janitorial*, ¶¶ 18, 23; *Chilberg v. Rose*, 273 Mont. 414, 903

9

P.2d 1377 (1995). Because Colony members, like the Stahls, cannot purchase personal UIM Coverage, the Colony contends the Policy's UIM Coverage remains illusory for individual Colony members.

¶14 State Farm responds that the Stahls do not satisfy the Policy definition of "insured" because they were not occupying a vehicle that satisfies the Policy definition of "your car," a "newly acquired car," or a "temporary substitute car" at the time of their accident. State Farm contends that corporate policies, such as the Colony's, may restrict the class of beneficiaries for which UIM Coverage is provided to individuals occupying covered vehicles. *See Stonehocker*, ¶¶ 15-17; *Flathead Janitorial*, ¶¶ 18, 23; *Hanson*, 336 F.Supp.2d at 1076. State Farm also contends this restriction is not a violation of the Colony's reasonable expectations under the plain language of the Policy. *See Flathead Janitorial*, ¶ 22. Because the Stahls would be entitled to recover UIM Coverage had they been occupying a vehicle that satisfies the Policy definition of "your car," a "newly acquired car," or a "temporary substitute car" at the time of the accident, State Farm argues the Policy does not provide illusory coverage. We agree.

¶15 The Stahls do not satisfy any definition of "insured" under the Policy. Nor were the Stahls occupying a covered vehicle at the time of the accident. The Stahls would qualify for UIM coverage under the Policy if they were occupying a Colony covered vehicle at the time of the accident; thus, the Policy is not illusory, as the Colony claims. The requirement that a Colony member occupy a covered vehicle to obtain UIM Coverage is not a violation of its reasonable expectations of the Policy terms, even when interpreting the Policy from the Colony's viewpoint. *Flathead Janitorial*, ¶ 22. The

Policy is a business or corporate policy, and "as long as it is legal for an insurer to sell an automobile liability policy to a corporation, which is the named insured, it is legal for the insurer to limit the class of covered individuals to those who are occupying covered vehicles at the time they are injured." *Hanson*, 336 F.Supp.2d at 1076. "We have not expanded coverage to injured persons involved in the corporation who are not occupying vehicles covered under the policy at the time of the accident." *Stonehocker*, ¶ 17 (quoting *Lee v. Great Divide Ins. Co.*, 2008 MT 80, ¶ 16, 342 Mont. 147, 182 P.3d 41). UIM Coverage is not so personal and portable that insurers are required to sell UIM Coverage irrespective of an auto insurance policy. *Hanson*, 336 F.Supp.2d at 1076.

### CONCLUSION

¶16 The Colony contracted with State Farm for UIM Coverage to insure occupants of its covered vehicles. The fact that the Stahls do not meet the definition of "insured" because they were not in a covered vehicle at the time of their accident does not defeat coverage and render any coverage State Farm promised to provide illusory. *See Newbury*, ¶¶ 20, 27. The District Court did not err in finding the Stahls do not satisfy the unambiguous definition of "insured" under UIM Coverage in the Policy and that they are not entitled to those benefits. The District Court was correct in determining the Policy did not provide illusory coverage. We affirm the District Court's order granting State Farm's motion for summary judgment and denying the Colony's motion for summary judgment.

/S/ JAMES JEREMIAH SHEA

11

We Concur:

/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE