Justice Laurie McKinnon, concurring.
¶26 I agree with the Court's conclusion that the Warrens' policy's language prohibits the stacking of liability coverage. The Warrens' policy unambiguously precludes stacking of liability coverage, stating: "If a covered auto is involved in an accident, we will not pay more than the limit of liability applicable to the covered auto involved in that accident." The Warrens' policy's anti-stacking clause does not contravene § 33-23-203, MCA, which allows insurers to provide that *1211 coverages are not stacked. More fundamentally, however, the premise upon which this Court in Hardy invalidated a contract provision between an insured and insurer has no application to a third party who is not a named insured, not a party to the contract, and has no basis to mount a coverage dispute against the insurer. I write separately to address these points.
¶27 First, § 33-23-203, MCA, entitled "Limitation of liability under motor vehicle liability policy," allows insurers to limit the stacking of coverages. (Emphasis added.) The plain language of § 33-23-203, MCA, limits "insurance coverage available under each part of the policy" and clearly prohibits stacking of policies "[u]nless a motor vehicle liability policy specifically provides otherwise...." Section 33-23-203, MCA, reinforces limitations of coverage in various scenarios and demands an examination of the policy itself. Subsection (2) allows the policy to have limitations to prevent duplicate payments or "to prevent the adding together of insurance coverage limits in one policy or from more than one policy issued by the same company." As noted by the Dissent, subsection (1)(c) creates a "safe harbor" for the insurer if the insurer's premiums "actuarially reflect the limiting of coverage separately to the vehicles covered by the policy and the premium rates have been filed with the commissioner." Subsection (1)(c) does not, however, imply § 33-23-203, MCA, is a "pro-stacking" statute or create a rule requiring stacking when an insurance contract's terms provide otherwise. The plain language of § 33-23-203, MCA, limits coverage and allows insurers to prevent stacking that may be challenged as unlawful pursuant to this Court's precedent in Hardy . Following our decision in Hardy that insurance companies may not prohibit stacking "to the extent that it allows charging premiums for illusory coverage," the Legislature continued to allow policies to prohibit stacking to the extent constitutionally permissible. Hardy , ¶ 38. Thus, § 33-23-203(1)(c), MCA, as amended in 2007, does not require stacking of ***76 liability limits when multiple premiums are charged. The 2007 amendment did not convert an "anti-stacking" statute into a "pro-stacking" one-it simply allowed insurers to prevent stacking except where unconstitutional pursuant to Hardy.
¶28 Importantly, however, this Court's precedent prohibiting stacking in certain instances is premised upon the insured's expectations in the context of the insured's insurance contract with an insurer; more specifically, within the context of first-party uninsured motorist (UM), underinsured motorist (UIM), and medical payment (Med Pay) coverage. First-party coverages are distinct from third-party coverages because first-party coverages are "personal and portable" to the insured and the coverage would be illusory-the insured would pay premiums for unreceived coverage-if not stacked. Coverage is illusory if a provision defeats coverage for which the insurer received valuable consideration. Fisher , ¶ 33. Coverage is not illusory if the insureds received coverage as set forth in the policy. Kilby Butte Colony, Inc. v. State Farm Mut. Auto. Ins. Co. , 2017 MT 246, ¶ 15, 389 Mont. 48, 403 P.3d 664. Here, the liability coverage protected the Warrens from Cross's third-party liability claim in the amount negotiated by the insurer and insured as the policy's limit . Claimant Cross is not entitled to stack the Warrens' coverages from other vehicles that the contract between the Warrens, the insureds, and Progressive, the insurer, would not allow. Claimant Cross is not the named insured, did not pay any premiums for the Warrens' liability coverage, is not a party to the insurance contract between the Warrens and Progressive, and has no expectation of additional coverage from the Warrens' policy. Claimant Cross's only reasonable expectation of liability coverage was for the minimum amounts required by law-$25,000 per person and $50,000 per accident. Section 61-6-103(1)(b)(i)-(ii), MCA.
¶29 In my view, the primary reason stacking is prohibited here is based on the important distinction between optional first-party coverage (UM, UIM, and Med Pay) and legally-mandated third-party coverage (bodily injury and property damage). First-party coverage is purchased by the insured to benefit and protect the insured personally. It is personal and portable and meant to cover the *1212 insured where an accident is covered by the insured's UM, UIM, or Med Pay policy. To ensure the insured's coverage is not illusory-and to make sure the first-party insured receives the coverage for which she paid-an insurance company cannot prohibit stacking of first-party coverages if the insured paid separate premiums. A third-party claimant, in contrast, is not a named insured and is not entitled to stack liability limits in the same manner as a first-party claimant. The third-party ***77 claimant is not a named insured and therefore can never claim to have had a reasonable expectation of the right to stack coverage limits when the insured and insurer entered into the insurance contract.
¶30 The key to understanding the reasoning behind this Court's stacking precedent always relates back to the fundamental distinction between first- and third-party coverages. Here, Claimant Cross is a third party and not entitled to stack the Warrens' liability coverages.[1]

Whether and to what extent, if any, stacking of similar MVLP coverages for which insurers have charged separate premiums has any actual negative effect on the rates insurers charge or must charge to provide those coverages at a reasonable rate is not at issue and not a matter of record in this case.