No. 81-226

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

HELEN JACOBSON and ELVA J. DIKE,
Personal Representatives of the Estate
of Sammy D. Harlan,

                    Plaintiff and Respondent,

        vs.

IMPLEMENT DEALERS MUTUAL INSURANCE CO.
AND KENNETH HEIMER,

                    Defendant and Appellant.

Appeal from:  District Court of the Fourth Judicial District,
              In and for the County of Missoula
              Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

    For Appellant:

        Worden, Thane & Haines, Missoula, Montana
        Robert J. Phillips, Missoula, Montana

    For Respondent:

        Garlington, Lohn & Robinson, Missoula, Montana
        Paul C. Meesmer argued, Missoula, Montana

                        Submitted:  December 1, 1981

                        Decided:    FEB 17 1982

Filed: FEB 17 1982

_____
       Thomas J. Kearney
                        Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from the District Court of the Fourth Judicial District of the State of Montana, in and for the County of Missoula, the Honorable James B. Wheelis presiding. Plaintiffs are the personal representatives of the estate of Sammy D. Harlan, deceased. They commenced this action in District Court to enforce the uninsured motorist coverage of an insurance policy issued by defendant and appellant, Implement Dealers Mutual Insurance Company (hereinafter IDM), to the plaintiffs' decedent (Harlan). Both parties moved for a summary judgment on the issue of the availability of uninsured motorist coverage. The District Court granted summary judgment in favor of the plaintiffs. IDM appeals from the summary judgment and requests that this Court reverse the District Court and grant judgment in its favor on the basis that there is no coverage available in this case.

Sammy D. Harlan died as a result of a motor vehicle accident two and one-half miles east of Big Timber, Montana, on June 20, 1978, when the 1974 Peterbilt tractor-trailer unit which he owned and was driving was involved in a collision with a motor vehicle driven by Kenneth Heimer. By stipulation of counsel, Heimer is deemed to be at fault in Sammy D. Harlan's death. Heimer had no liability insurance coverage at the time of the accident.

Harlan had purchased a policy of automobile liability insurance from IDM on a 1971 Ford pickup truck which he owned. This policy provided for uninsured motorist coverage in the amount of $25,000. The policy of insurance issued by IDM on the Ford pickup truck contained an exclusion which

read:

> "This policy does not apply under Part IV:
>
> "(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile . . ."

Montana's mandatory uninsured motorist coverage statute, section 33-23-201, MCA, requires all motor vehicle liability insurance policies issued in this state to include uninsured motorist coverage unless the named insured rejects such coverage.

The statute in question, section 33-23-201, MCA, provides:

> "Motor vehicle liability policies to include uninsured motorist coverage -- rejection by insured. (1) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in 61-6-103, under provisions filed with and approved by the commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.
>
> "(2) The named insured shall have the right to reject such coverage. Unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."

One issue is presented to this Court on appeal: Did the District Court err in holding that the insurance policy's exclusion (a) was not a permissible limitation

under Montana insurance law?

Appellant contends exclusion (a) is not invalidated by section 33-23-201, MCA. More specifically, appellant argues that because there is no express provision in the statute which prohibits this type of exclusion, it is thereby valid. Further, it is argued that if the legislature wished to proscribe this type of exclusion, it would have done so. Finally, appellant contends that in the interest of public policy, the exclusion should be held to be valid.

While it is true that courts in several states have upheld the validity of exclusion clauses similar to exclusion (a), the majority of courts have held similar exclusion clauses are in conflict with the uninsured motorist statutes. See, State Farm Automobile Insurance Co. v. Reaves (1974), 292 Ala. 218, 292 So.2d 95; Mullis v. State Farm Mutual Automobile Ins. Co. (Fla. 1971), 252 So.2d 229; Bass v. State Farm Mut. Auto. Ins. Co. (1973), 128 Ga.App. 285, 196 S.E.2d 485, modified, 231 Ga. 269, 201 S.E.2d 444; Doxtater v. State Farm Mutual Automobile Insurance Co. (1972), 8 Ill.App.3d 547, 290 N.E.2d 284; State Farm Mutual Automobile Ins. Co. v. Robertson (1973), 156 Ind.App. 149, 295 N.E.2d 626; Cannon v. American Underwriters, Inc. (1971), 150 Ind.App. 21, 275 N.E.2d 567; Elledge v. Warren (La.App. 1972), 263 So.2d 912; Nygaard v. State Farm Mutual Automobile Ins. Co. (1974), 301 Minn. 10, 221 N.W.2d 151; State Farm Mutual Automobile Ins. Co. v. Hinkel (1971), 87 Nev. 478, 488 P.2d 1151; Bell v. State Farm Mut. Auto. Ins. Co. (W. Va. 1974), 207 S.E.2d 147; Widiss, A Guide To Uninsured Motorist Coverage, §2.9 at 31 (1981).

The discussions upholding the validity of exclusion clauses do so on the grounds that if a statute is silent there is no reason to prevent the withholding of coverage by the insurer. Widiss, supra, at 30; see also, Rodriquez v. Maryland Indemnity Insurance Co. (1975), 24 Ariz.App. 392, 539 P.2d 196; Barton v. American Family Mutual Insurance Co. (Miss. Mo. App. 1972), 485 S.W.2d 628. Regardless of this rationale, this Court elects to follow the majority position.

There are two equally sound positions adopted by the majority of courts holding this type of exclusion clause to be invalid. First, the exclusionary clause is ineffective because it reduces the scope of coverage required by the statutory mandate. Mullis v. State Farm Mutual Automobile Insurance Co. (Fla. 1971), 252 So.2d 229; Allstate Insurance Company v. Meeks (1967), 207 Va. 897, 153 S.E.2d 222; Federated American Ins. Co. v. Raynes (1977), 88 Wash.2d 439, 563 P.2d 815. In Mullis, the court stated:

> "The public policy of the uninsured motorist statute (Section 627.0851) is to provide uniform and specific insurance benefits to members of the public to cover damages for bodily injury caused by the negligence of insolvent or uninsured motorists and such statutorily fixed and prescribed protection is not reducible by insurers' policy exclusions and exceptions any more than are the benefits provided for persons protected by automobile liability insurance secured in compliance with the Financial Responsibility Law.

> "Insurers or carriers writing automobile liability insurance and reciprocal uninsured motorist insurance are not permitted by law to insert provisions in the policies they issue that exclude or reduce the liability coverage prescribed by law for the class of persons insured thereunder who are legally entitled to recover damages from owners or operators of motor vehicles because of bodily injury." 252 So.2d at 233-234.

The second, and equally sound, rationale is that the

-5-

clause is contrary to the public policy embodied in the statute. Phillips v. Midwest Mutual Insurance Company (1971), 329 F.Supp. 853. The policy behind the statute is to protect the policyholders from uninsured motorists in all instances.

In this case, when exclusion (a) is analyzed under either or both of the above rationales, it is clear that the exclusion is a violation of public policy and Montana insurance law, and that it tries to limit the scope of coverage mandated by section 33-23-201, MCA.

Appellant alleges that there is a connection between the automobile which is insured and the uninsured motorist coverage. It is contended that the connection is based upon the additional risk which the insurance company incurs by the operation of the insured vehicle. Also, it is contended that the risk of a party being injured by an uninsured motorist increases when a person is operating a motor vehicle. Therefore, appellant concludes that an insurer must attempt to exclude from its coverage any activity involving a risk for which it cannot collect a premium or for which the premium cannot be calculated.

The arguments made by appellant may be true, and they are certainly reflective of sound business judgment. However, they fail to address the underlying purpose and scope of the uninsured motorist statute. The court in Elledge v. Warren (La.App. 1972), 263 So.2d 912, when discussing the purpose of its uninsured motorist statute, stated:

> "The purpose of the statute is to protect completely, those willing to accept its protection, from all harm, whatever their status--passenger, driver, pedestrian--at the time of injury, produced by uninsured motorists. The only restrictions are that

-6-

the plaintiff must be an insured, the defen-
dant motorist uninsured, and that plaintiff
be legally entitled to recover. We will not
enlarge upon these qualifications and re-
strict the coverage of such a socially desir-
able policy by allowing insurance companies
to pursue alleged 'business interests.'

". . . An insurance company may not create
irrational and illusory 'business interests'
and interpose them as a bar to the compre-
hensive coverage required by our statute."
263 So.2d at 918-919.

Appellant's argument that premiums for uninsured

motorist coverage are somehow risk-related is unfounded.

The type of premium charged for uninsured motorist protec-

tion illustrates the coverage afforded. The rate is a flat

rate, and coverage is available to everyone at the same

rate. The rate is not related to risk. In this instance,

the fact that Harlan had purchased uninsured motorist

coverage for only one vehicle and paid a premium on this

vehicle does not give rise to the exclusion of coverage on

any other owned vehicles. In other words, the importance or

value of the imputed business purpose for this exclusion

seems tenuous as applied to the purchaser who owns more than

one vehicle. Acquisition of insurance for a second vehicle,

especially with premiums that are not risk-related, is

relatively inexpensive; therefore, permitting the insurer to

withhold coverage for the small return seems of dubious

merit. Widiss, supra, §2.9 at 29.

There is no requirement that the insured be occupying

an insured vehicle. Therefore, there is no connection

between the insured and the automobile listed on the policy.

The named automobile merely illustrates that the person has

satisfied the legal requirement of purchasing insurance and

has uninsured motorist coverage unless expressly waived.

Montana's uninsured motorist coverage is personal and portable. This point was exemplified by the court in Bradley v. Mid-Century Ins. Co. (Mich. 1980), 294 N.W.2d 141, when it held:

> "We conclude that once uninsured motorist coverage is purchased, the insured and his relatives insured for liability have uninsured motorist protection under all circumstances. Uninsured motorist coverage, like no-fault coverage, is personal and portable.
>
> ". . . They are insured when injured in an owned vehicle named in the policy, in an owned vehicle not named in the policy, in an unowned vehicle, on a motorcycle, on a bicycle, whether afoot or on horseback or even on a pogo stick." 294 N.W.2d at 152.

It must be emphasized that all waivers of uninsured motorist coverage are not improper. The waiver must be expressed by the insured in a manner that is clear, concise and equitable to both parties involved in the insurance contract. The exclusion clause in question in this case does not satisfy this requirement. The Washington Supreme Court, in Federated American Ins. Co. v. Raynes (1977), 88 Wash.2d 439, 563 P.2d 815, when discussing an exclusion clause similar to that presented here, stated:

> ". . . R.C.W. 48.22.030 mandates uninsured motorist coverage 'for the protection of persons insured' under the policy, unless the named insured rejects such coverage. . . the parties may agree to a narrow definition of insured so long as that definition is applied consistently throughout the policy, but once it is determined that a person is an insured under the policy, that person is entitled to uninsured motorist coverage. Respondent is a named insured in F.A.I.'s policy. Exclusion (b) does not narrow the definition of insured so as to exclude from being an insured under the policy. Rather, the exclusion merely excludes coverage when the insured is injured in a certain situation, i.e., occupying a car owned by him but not insured by F.A.I. This attempt to exclude coverage for an insured is impermissible under R.C.W. 48.22.030." 563

-8-

P.2d at 818.

See also, Chaffee v. USF&G (1979), 181 Mont. 1, 591 P.2d 1102, 36 St.Rep. 398.

The exclusion clause in the IDM policy is lost in the myriad of verbage that makes up the insurance contract. This particular exclusion clause would be unnoticeable by the average policyholder and can, therefore, never constitute an express waiver.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices