Joe HAMILTON, Denise Hamilton, and Joseph ("Zack") Hamilton, Plaintiffs,

v.

TRINITY UNIVERSAL INSURANCE COMPANY and Unitrin Property and Casualty Insurance Group, Defendants.

No. CV 06–72–M–DWM.

United States District Court, D. Montana, Missoula Division.

Nov. 16, 2006.

Paul A. Sandry, Johnson Berg McEvoy & Bostock, Kalispell, MT, for Plaintiffs.

Gary L. Graham, Garlington, Lohn & Robinson, PLLP, Missoula, MT, for Defendants.

## ORDER

MOLLOY, Chief Judge.

### I. Introduction

Plaintiffs, Joe Hamilton, Denise Hamilton, and Joseph ("Zach") Hamilton, brought suit seeking underinsured motorist benefits from an automobile insurance policy issued by Defendant, Trinity Universal Insurance Company. Trinity denied coverage based on an exclusion in Plaintiffs' policy that prohibited coverage for uninsured vehicles owned by an insured. Trinity has filed a motion for summary judgment, seeking a ruling that the exception applies to preclude coverage.

### II. Factual Background

The material facts are undisputed. On January 22, 2005, Zach Hamilton sustained serious injuries in an automobile accident. Complaint ¶ IV; Def's Undisp. Facts ¶¶ 3, 4, 7. The accident was caused by the other driver. Complaint ¶ IV; Def's Undisp. Facts ¶ 15. The other driver's vehicle was insured under a policy issued by Progressive Insurance Company. Def's Undisp. Facts ¶ 16. Progressive paid policy limits of $100,000 to Zach on behalf

of its insured. Complaint ¶ VII; Def's Undisp. Facts ¶ 16. At the time of the accident, Zach was driving a 1988 Toyota pickup. Pls.' Resp. Def's. Req. Admis. No. 7; Def's Undisp. Facts ¶ 7. Zach was the legal owner of the 1988 Toyota pickup. Pls.' Resp. Def's. Req. Admis. No. 4; Def's Undisp. Facts ¶ 4. The vehicle was not insured. Pls.' Resp. Def's. Req. Admis. No. 6; Def's Undisp. Facts ¶ 6.

Zach's parents, Joe and Denise Hamilton, were the named insureds on an automobile insurance policy issued by Trinity Universal Insurance Company at the time of the accident. Complaint ¶ V; Def's Undisp. Facts Attachment 2–3. The only vehicles listed on the declarations page of the policy were a 1998 GMC Sierra K1500, a 1997 GMC Jimmy, and a 1992 Pontiac Grand Prix. Pls.' Resp. Def's. Req. Admis. No. 13; Def's Undisp. Facts ¶ 13, Attachment 2–3. Zach's 1988 Toyota pickup was not listed on the policy. Pls.' Resp. Def's. Req. Admis. No. 8; Def's Undisp. Facts ¶ 8.

The policy provided underinsured motorist coverage for bodily injury sustained by an insured and caused by accident. Def's Undisp. Facts Attachment 2–23. It is undisputed that Zach qualifies as an "insured" under this provision of the policy. Complaint ¶¶ VIII, IX; Def's Summary Judgement Brief, at 8. The policy defines "insured" as "you or any 'family member.'" Def's Undisp. Facts Attachment 2–23. "Family member" is defined as "a person related to you by blood, marriage or adoption who is a resident of your household." Def's Undisp. Facts Attachment 2–6. At the time of the accident, Zach was 23 years old and living with his parents. Pls.' Resp. Def's. Req. Admis. Nos. 9, 10, 12; Def's Undisp. Facts ¶¶ 9, 10, 12. Therefore, he was a "family member" and qualifies as an "insured" under the policy. The policy, however, contains an exclusion (the "owned vehicle exclu-

sion") for underinsured motorist coverage where bodily injury is sustained "[b]y a 'family member' ... [w]ho owns an auto, while 'occupying,' or when struck by, any motor vehicle owned by you or any 'family member' which is not insured for this coverage under this policy." Def's Undisp. Facts Attachment 2–20.

After receiving policy limits from the other driver's liability insurance carrier, Zach sought underinsured motorist benefits from Trinity under his parents' policy. Trinity denied benefits. Complaint ¶ XI. Zach and his parents subsequently filed suit, seeking a declaration that Zach is entitled to underinsured motorist coverage and damages for breach of contract. Complaint ¶¶ XIII, XVIII, XIX.

### III. Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If there is no genuine issue of material fact, the court must determine whether the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

### IV. Analysis

 Defendant contends Zach is not entitled to underinsured motorist benefits because the circumstances of the accident fit within the plain language of the owned vehicle exclusion. Specifically, Zach is a family member who sustained bodily injury while occupying a motor vehicle owned by a family member (Zach) that was not insured under the policy. In response,

Plaintiffs do not claim the circumstances of the accident do not fit within the exception; instead, they contend the exception is invalid because it is against public policy and contrary to the reasonable expectations of the insured.

In *Jacobson v. Implement Dealers Mutual Insurance Co.*, 196 Mont. 542, 640 P.2d 908, 911(1982), the Montana Supreme Court invalidated an owned vehicle exclusion similar to the exclusion at issue in this case in a policy provision for uninsured motorist benefits. The court relied on Montana Code Annotated § 33–23–201, which requires uninsured motorist coverage to be included in all automobile insurance policies unless the insured expressly rejects such coverage. The court concluded the exclusion was invalid because it reduced the scope of coverage required by the statute and was contrary to the public policy embodied in the statute. *Jacobson*, 640 P.2d at 911. According to the court, § 33–23–201 was intended to protect policyholders from uninsured motorists in all instances. *Id.*

The court in *Jacobson* also rejected the insurer's claim that the exclusion should be upheld because it was supported by strong business interests. *Id.* at 911–12. The insurer argued the exclusion prevented it from having to cover risks for which it did not collect a premium. *Id.* at 911. The court acknowledged the insurance company's rationale for the exclusion was reflective of sound business judgment. *Id.* Nevertheless, the court determined the public policy behind § 33–23–201 overrode the insurance company's business interests. *Id.* The court also noted "the importance ... of the ... business purpose for [the] exclusion [seemed] tenuous [when] applied to [an insured] who owns more than one vehicle." *Id.* at 912. According to the court, because uninsured motorist cover-

age is not risk-related, i.e. it is available to everyone at the same flat rate, acquisition of uninsured motorist coverage for a second vehicle when an insured has already purchased coverage for one vehicle is relatively inexpensive.[1] *Id.* at 911–12. Thus, the court concluded, "permitting the insurer to withhold coverage for [this] small return seems of dubious merit." *Id.* at 912.

Defendant argues the instant case is distinguishable from *Jacobson* because it involves underinsured motorist coverage, not uninsured motorist coverage. Defendant notes underinsured motorist coverage is not mandated by Montana law, and urges the Court to adopt the reasoning applied in *Stutzman v. Safeco Insurance Company of America*, 284 Mont. 372, 945 P.2d 32 (1997), to uphold the validity of the owned vehicle exclusion in Plaintiffs' policy.

In *Stutzman*, the Montana Supreme Court upheld a household exclusion clause contained in an underinsured motorist coverage provision. *Id.* at 36. The plaintiff in *Stutzman* was injured while riding as a passenger in a vehicle owned and driven by her husband. *Id.* at 33. Both the plaintiff and her husband were the named insureds on an automobile insurance policy. *Id.* After receiving liability limits under the policy, the plaintiff sought to recover the policy's underinsured motorist benefits. *Id.* at 34. The insurance company denied benefits, citing the policy's household exclusion clause, which provided, "underinsured motor vehicle does not include any motor vehicle ... owned by or furnished for the regular use of the named insured or any relative." *Id.* at 35. Relying on a case where an identical exclusion in an uninsured motorist coverage provision was deemed invalid, *see Trans-*

---

1. The insured in *Jacobson* purchased insurance on a pickup truck, but was driving a tractor-trailer unit when the accident occurred. *Id.* at 909.

*america Insurance Co. v. Royle*, 202 Mont. 173, 656 P.2d 820 (1983), the plaintiff argued the exclusion was void as against public policy. *Stutzman*, 945 P.2d at 36. The court rejected the plaintiff's argument. *Id.* It noted the policy in *Transamerica* was declared invalid because it violated Montana's mandatory insurance law.[2] *Id.* In contrast, the court observed there was no similar statutory mandate in Montana for underinsured motorist coverage. *Id.* In fact, Montana Code Annotated § 61–6–103(8) specifically makes underinsured motorist coverage optional. *Id.* The court concluded, because underinsured motorist coverage is not statutorily mandated, parties may freely contract to produce exclusions or limitations on coverage. *Id.* The court also noted enforcement of the exclusion was in conformance with public policy. *Id.* According to the court, if it invalidated the exclusion, underinsured motorist coverage would essentially be converted into liability coverage and insureds could purchase inexpensive underinsured motorist coverage in lieu of more expensive liability coverage. *Id.*

Although *Jacobson* and *Stutzman* support Defendant's contention that parties are free to contract for exclusions in underinsured motorist coverage because underinsured motorist coverage is optional under Montana law, more recent cases suggest other factors must also be considered. Plaintiffs contend subsequent cases establish a public policy in the state of Montana that favors adequate compensation for accident victims and that underinsured motorist coverage is personal and portable. Plaintiffs claim these principles support invalidation of the owned vehicle exclusion in this case.

In 1993, the Montana Supreme Court rejected the uninsured/underinsured distinction in a case where the insured sought cumulative benefits under two underinsured motorist policies. *Bennett v. State Farm Mut. Auto. Ins. Co.*, 261 Mont. 386, 862 P.2d 1146, 1148–49 (1993). The insured in *Bennett* obtained two automobile insurance policies and paid separate premiums for underinsured motorist coverage under each policy. *Id.* at 1147–48. After being struck by an automobile while crossing the street, the insured sought to obtain the cumulative benefits of both policies. *Id.* at 1147. The insurer denied cumulative benefits, relying on an anti-stacking provision in the policies, which stated, "[i]f the insured sustains bodily injury as a pedestrian and other underinsured motor vehicle coverage applies . . . the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability." *Id.* at 1148. Citing cases invalidating anti-stacking provisions in uninsured motorist coverage provisions, the insured argued the exclusion violated public policy. *Id.* at 1148. The insurer countered by claiming public policy was only violated when the type of coverage to which the exclusion applied was mandated by statute. *Id.* The court disagreed with the insurer and invalidated the exclusion. *Id.* at 1148–49. It noted the public policy embodied in cases invalidating anti-stacking provisions for uninsured motorist coverage was that an insurer should not be permitted to exclude cover-

**2.** The household exclusion at issue in *Transamerica Insurance Co. v. Royle*, 202 Mont. 173, 656 P.2d 820, 821, 823 (1983), applied to liability coverage. It was invalidated under Montana Code Annotated § 61–6–301(1), which provides, "[e]very owner of a motor vehicle . . . shall continuously provide insurance against loss resulting from liability im-

posed by law for bodily injury or death or damage to property suffered by any person." The court concluded the household exclusion was invalid because it was contrary to the statute's requirement that liability coverage be provided for "any person." *Transamerica*, 656 P.2d at 823.

age for which the insurer has received valuable consideration. *Id.* at 1148. The court concluded this policy applied to void the exclusion regardless of whether the exclusion was contained in an uninsured motorist provision or an underinsured motorist provision. *Id. But see id.* at 1149 (Purcell, J., concurring specially) (advocating uninsured/underinsured distinction in light of Montana legislature's failure to declare public policy regarding underinsured motorist coverage).

The Montana Supreme Court declared two additional exclusions for underinsured motorist coverage invalid in *Hardy v. Progressive Specialty Insurance Company,* 315 Mont. 107, 67 P.3d 892 (2003). The court first voided a provision that permitted recovery of underinsured motorist benefits only where the tortfeasor's liability insurance limit was less than the amount of the insured's underinsured motorist coverage. The court observed the provision created an ambiguity in the insurance policy because the policy's declarations page purported to provide $50,000 of coverage when the tortfeasor's policy limits were exceeded. Accordingly, the court concluded the exclusion was against public policy and violated the consumer's reasonable expectation that underinsured motorist coverage provides additional coverage when the insured's damages exceed what is available from the tortfeasor. The court distinguished *Stutzman* by noting the household exclusion at issue in that case was not ambiguous and did not violate public policy; instead, according to the court, the policy's intent to exclude coverage in *Stutzman* was clear and not accomplished by bait and switch tactics.

The court in *Hardy* also invalidated an anti-stacking provision in the insurance policy. Although the insured paid separate premiums for underinsured motorist coverage of $50,000 for each of three vehicles, the anti-stacking provision provided

that the coverages could not be stacked to provide $150,000 of underinsured motorist coverage. The court invalidated the provision, relying on determinations it made in *Bennett.* Specifically, the court reiterated that a provision that defeats coverage for which valuable consideration has been received violates Montana public policy. The court also affirmed *Bennett's* conclusion that uninsured motorist coverage is personal and portable, and thus, concluded it was stackable.

 Defendant contends *Jacobson* and *Stutzman* represent a separate line of cases from those cited by Plaintiffs. The Montana Supreme Court, however, implicitly reconciled all of these cases in *Hardy* by observing that public policy can be prescribed by the legislature through its enactment of statutes or developed by the Montana Supreme Court. 67 P.3d at 898–99. Accordingly, all limitations on uninsured motorist coverage are invalid because the legislature has declared, through its enactment of § 33–23–201, that uninsured motorist coverage applies in all instances. *Jacobson,* 640 P.2d at 910–11. Exclusions for underinsured motorist coverage are not automatically prohibited because the legislature has made no similar declaration with respect to this type of coverage; rather, parties may freely contract for exclusions so long as they do not contravene public policy as declared by the Montana Supreme Court. *Compare Stutzman,* 945 P.2d at 37 (enforcing exclusion on underinsured motorist coverage), *with Bennett,* 862 P.2d at 1148 (invalidating exclusion on underinsured motorist coverage). Thus, the dispositive issue in this case is whether the owned vehicle exclusion violates public policy as declared by the Montana Supreme Court.

Although the Montana Supreme Court has not spoken directly to this issue, the cases discussed above persuade this Court

that the Montana Supreme Court would concluded the owned vehicle exclusion in Plaintiffs' policy is not against public policy. As an initial matter, the public policy used to justify invalidating the underinsured motorist coverage exclusions in *Bennett* and *Hardy* is not relevant here. *Bennett* and *Hardy* established the public policy that an insurer may not exclude coverage for which it has received valuable consideration. *Hardy*, 67 P.3d at 896–97; *Bennett*, 862 P.2d at 1148. Here, however, Plaintiffs did not pay valuable consideration for underinsured motorist coverage on Zach's 1988 Toyota pickup. In fact, Plaintiffs' failure to pay valuable consideration is why the exclusion applies. Therefore, the public policy articulated in *Bennett* and *Hardy* does not invalid the owned vehicle exclusion.

In addition, the public policy articulated in *Stutzman* supports enforcement of the owned vehicle exclusion here. The court in *Stutzman* endorsed, as in conformance with the public policy of the state of Montana, an exclusion that prevented insureds from purchasing inexpensive underinsured motorist coverage instead of more expensive liability coverage. 945 P.2d at 37. Although the household exclusion at issue in *Stutzman* and the owned vehicle exclusion at issue here serve different purposes, they both involve protecting insurers from "schemes" by insureds.[3] In *Stutzman*, the "scheme" involved receiving benefits at a cheaper rate. *Id.* The owned vehicle exclusion at issue here, on the other hand, attempts to prevent insureds from receiving benefits they have not paid for. Specifically, the owned vehicle exclusion prevents Plaintiffs from receiving underinsured motorist benefits on a vehicle for which they have not purchased any coverage. Permitting such an exclusion is not against public policy. In fact, public policy actually supports enforcement of the exclusion. Montana law encourages all drivers to obtain automobile liability insurance for each of their vehicles. *See* Mont.Code Ann. § 61–6–301. Permitting Zach to receive underinsured motorist benefits when his vehicle was not insured would contravene the public policy of the state of Montana.

Plaintiffs argue the personal and portable nature of underinsured motorist coverage supports invalidation of the exclusion. Both *Bennett* and *Hardy* describe underinsured motorist coverage as personal and portable. *Hardy*, 67 P.3d at 899; *Bennett*, 862 P.2d at 1148. Although the court arguably relied on the personal and portable nature of underinsured motorist coverage in invalidating the exclusions at issue in *Bennett* and *Hardy*, the court relied more heavily on the principle that insureds should not be denied coverage for which they have paid adequate consideration. Because that primary principle is not at issue here, and public policy is in fact supported by enforcement of the owned vehicle exclusion, Plaintiffs' reliance on the personal and portable nature of underinsured motorist coverage is not persuasive.

Additionally, in *Jacobson*, the Montana Supreme Court rejected an argument that an owned vehicle exclusion for uninsured motorist coverage should be upheld because it was supported by strong business interests. 640 P.2d at 911–12. The court noted "the importance ... of the ... business purpose for [the] exclusion [was] tenuous [when] applied to [an insurance policy purchaser] who owns more than one vehicle" because acquisition of uninsured motorist coverage for a second vehicle when an insured has already purchased coverage for one vehicle is relatively inexpensive. *Id.* at 912. Arguably, this language could be

---

**3.** Plaintiffs' policy also contains a *Stutzman*-like household exclusion on underinsured motorist coverage. See Def's Undisp. Facts Attachment 2–20, at V.B.2.b.

interpreted as declaring a public policy against the owned vehicle exclusion. The court's decision in *Jacobson*, however, relied on the public policy exemplified in the legislature's enactment of § 33–23–201, which made uninsured motorist coverage mandatory. *See id.* at 911. There is no similar legislative enactment relating to underinsured motorist coverage. More importantly, even if the owned vehicle exclusion does not serve important business purposes, it serves an important public purpose, as discussed above. Therefore, the owned vehicle exclusion in Plaintiffs' policy is not contrary to the public policy of the state of Montana.

Plaintiffs also contend the owned vehicle exclusion in their policy should be invalidated because it is contrary to the reasonable expectations of an insured. Plaintiffs do not claim the exclusion is ambiguous; instead, they argue an insured must look to several places in the policy to determine if coverage is provided. "[T]he reasonable expectations doctrine is inapplicable where . . . the terms of the insurance policy clearly demonstrate an intent to exclude coverage" because expectations that are contrary to a clear exclusion are not objectively reasonable. *Stutzman*, 945 P.2d at 37. Here, the language of the exclusion clearly omits coverage under the circumstances of this case. Any understanding of the exclusion that is contrary to this clear language is therefore unreasonable. Moreover, it is not objectively reasonable for an insured to expect to receive underinsured motorist coverage for a vehicle for which he or she has not purchased any automobile insurance. Plaintiff's claim that the owned vehicle exclusion is contrary to the reasonable expectations of an insured thus is without merit.

## V. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (dkt # 9) is GRANTED.