FILED

11/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0464

DA 20-0464

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 289

JOSEPH RICHARD GOSS,

      Plaintiff and Appellant,

    v.

USAA CASUALTY INSURANCE COMPANY,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDV-18-38
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Keith D. Marr, Conner, Marr & Pinski, PLLP, Great Falls, Montana

      For Appellee:

          Dave M. McLean, Ryan C. Willmore, McLean & Associates, PLLC, Missoula, Montana

          Submitted on Briefs: April 21, 2021

          Decided: November 9, 2021

Filed:

      _____
                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Joseph Richard Goss appeals from the order entered by the Eighth Judicial District Court, Cascade County, holding that Goss was not entitled to underinsured motorist (UIM) and medical payments (MP) coverages under his automobile policy with USAA Casualty Insurance Company (USAA), and granting summary judgment to USAA. We reverse in part and affirm in part. The issue on appeal is:

> *Did the District Court err by concluding that Goss was not entitled to underinsured motorist and medical payment coverages under his automobile policy with USAA?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On May 21, 2015, Diann Stevens made a left turn in front of Goss as he was riding his motorcycle. Goss was unable to avoid a collision and his motorcycle struck the right front portion of Stevens' vehicle, injuring him. Stevens was issued a citation for failing to yield to hazardous traffic when making a left turn.

¶3 At the time of the collision, Goss had four vehicles insured by USAA—a Chevrolet Caprice, a Chevrolet Silverado 2500, a Ford Taurus, and a Jayco camper—including UIM and MP coverages on all but the camper. USAA does not offer insurance coverage for motorcycles in Montana, instead referring inquires to Progressive Insurance Company (Progressive). Goss owned the motorcycle involved in the collision and insured it through Progressive, though he did not maintain UIM or MP coverages on his Progressive motorcycle policy.

¶4　The MP and UIM coverages in Goss' USAA policy employ differing definitions and exclusions, which in turn impact the scope of coverage, as well as the ultimate legal analyses herein.  The UIM provision of the policy provides that USAA:

> [W]ill pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of [bodily injury] sustained by a covered person and caused by an auto accident.

> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle.

¶5　For purposes of this provision, the policy defines "covered person" to include the insured and any of the insured's family members—whether or not a covered auto is involved—as well as any other person occupying a covered auto.  However, the UIM coverage is narrowed by an exclusion for bodily injuries sustained "by any covered person while occupying . . . any motor vehicle owned by you or any family member *which is not insured for UIM [coverage] under this policy*."  (Emphasis added.)

¶6　The MP provision states that USAA will pay the "reasonable fee for medically necessary and appropriate medical services . . . because of [bodily injury] caused by an auto accident, sustained by a covered person and incurred for services rendered within three years of the date of the accident."  Under the MP provision, a "covered person" is defined in relation to his or her occupancy of an auto that is covered or not covered.  A "covered person" is:

> 1. You [the insured] or any family member while occupying your covered auto.
> 2. Any other person while occupying your covered auto.

3

3. You or any family member while occupying any of the following vehicles if they are not your covered auto:
    a. A private passenger auto or trailer;
    b. A moving truck or moving van, but only for your personal use while in the custody of or being operated by you or a family member; or
    c. a miscellaneous vehicle having at least four wheels.

Thus, MP coverage for bodily injury sustained while occupying a vehicle *not* covered by the policy is specifically contemplated but limited to designated vehicles, as further defined by the policy, as follows: "[a] four or six wheel land motor vehicle designed for use on public roads with a rated load capacity of no more than 2000 pounds; [a] moving van for personal use; [a] miscellaneous vehicle having at least four wheels; or [a] vehicle used in the business of farming or ranching." While the insured and family members occupying these designated noncovered vehicles are defined as "covered persons" for purposes of MP benefits, there is no MP coverage for these persons occupying a two or three-wheeled motorcycle.

¶7      After Stevens' insurer paid the liability limit of Stevens' policy to Goss, he submitted a claim to USAA for UIM benefits. USAA initially accepted coverage, but after tendering $25,000 in UIM benefits to Goss, reversed its determination and halted further UIM and MP benefits. USAA did not seek reimbursement of the benefits already paid to Goss. Goss filed suit against USAA and Stevens, alleging breach of contract and declaratory relief claims against USAA. Both parties filed motions for summary judgment. The District Court issued an order granting USAA's motion for summary judgment on both coverages, reasoning the policy "clearly excludes coverage for Goss' accident in [the] two-wheeled motorcycle that Goss owned but did not insure with USAA. Furthermore,

neither the owned vehicle exclusion nor the medical payments exclusion violate[s] Montana public policy."

¶8 Goss appeals.[1]

## STANDARD OF REVIEW

¶9 We review summary judgment rulings de novo, applying the same Rule 56 criteria of the Montana Rules of Civil Procedure as the court below. *Cross v. Warren*, 2019 MT 51, ¶ 7, 395 Mont. 62, 435 P.3d 1202. Contract interpretation is a question of law. *Stutzman v. Safeco Ins. Co. of Am.*, 284 Mont. 372, 376, 945 P.2d 32, 34 (1997). Interpretation and application of public policy is also a question of law. *State Farm Mut. Auto. Ins. Co. v. Gibson*, 2007 MT 153, ¶ 9, 337 Mont. 509, 163 P.3d 387. "We review a district court's conclusions of law to determine whether the court's conclusions of law are correct." *Gibson*, ¶ 9 (citation omitted).

## DISCUSSION

¶10 It is well established that when analyzing the terms of an insurance policy we look first to the plain language of the contract itself. *Monroe v. Cogswell Agency*, 2010 MT 134, ¶ 15, 356 Mont. 417, 234 P.3d 79. The terms and words used in an insurance contract are to be given their usual meaning. Section 28-3-501, MCA. We review the policy as a whole "so as to give effect to every part if reasonably practicable[.]" Section 28-3-202, MCA. Ambiguities in the insurance policy are construed in favor of the insured.

---

[1] The parties stipulated to Stevens' dismissal as a party on September 21, 2020.

Section 28-3-206, MCA. However, courts "will not create an ambiguity in an insurance contract where none exists." *Stutzman*, 284 Mont. at 379, 945 P.2d at 36. The existence of an ambiguity is determined through the eyes of "'a consumer with average intelligence but not trained in the law or insurance business.'" *Hardy v. Progressive Specialty Ins. Co.*, 2003 MT 85, ¶ 14, 315 Mont. 107, 67 P.3d 892 (quoting *Farmers All. Mut. Ins. Co. v. Holeman*, 1998 MT 155, ¶ 25, 289 Mont. 312, 961 P.2d 114).

¶11 After analysis of the policy language, we next consider "whether, in light of our construction, the insurance contract violates public policy." *Monroe*, ¶ 15. The purpose of statutorily mandated insurance coverage is "to protect innocent members of the general public injured on the highways through the negligence of financially irresponsible motorists[,]" *Horace Mann Ins. v. Hampton*, 235 Mont. 354, 357, 767 P.2d 343, 344 (1989), while the purpose of supplemental coverage is "to provide a source of indemnification for accident victims when the tortfeasor does not provide adequate indemnification." *Bennett v. State Farm Mut. Auto. Ins. Co.*, 261 Mont. 386, 389, 862 P.2d 1146, 1148 (1993) (considering UIM coverage). Mandatory coverage in Montana consists of liability limits for bodily injury of $25,000 per person and $50,000 per accident, and a liability limit of $20,000 for injury to or destruction of property. Sections 61-6-103, -301, MCA. Neither MP nor UIM coverage is mandatory in Montana. *Newbury v. State Farm Fire & Cas. Ins. Co.*, 2008 MT 156, ¶ 36, 343 Mont. 279, 184 P.3d 1021 (MP); *Stutzman*, 284 Mont. at 380, 945 P.2d at 37 (UIM). We have held that the nature of these coverages

is nonetheless personal and portable. *Hardy*, ¶ 40 (UIM); *Ruckdaschel v. State Farm Mut. Auto. Ins.*, 285 Mont. 395, 399, 948 P.2d 700, 703 (1997) (MP).

¶12    Mandatory insurance must meet the statutory coverage thresholds but, subject to the limitations of public policy, insureds and insurers may "freely contract to produce exclusions or limitations" regarding UIM and MP coverage. *Stutzman*, 284 Mont. at 380-81, 945 P.2d at 37; *Newbury*, ¶ 36.  However, when a provision defeats coverage for which valuable consideration has been exchanged by rendering the promised coverage illusory or negating the personal and portable nature of the coverage, the provision violates public policy. *Hardy*, ¶¶ 25-29, 40; *Bennett*, 261 Mont. at 389, 862 P.2d at 1148; *Gibson*, ¶ 11 (though many past cases "involved [UIM] coverage, we have applied the same public policy" to MP coverage).

¶13    The parties both moved for summary judgment and did not dispute material facts. The issue before us is whether the District Court erred by interpreting the contract and determining its terms were not contrary to public policy.  The District Court issued a detailed opinion that reviewed the text of the insurance policy and applicable case law before concluding that, from the perspective of an average consumer, "the insurance policy between USAA and Goss clearly excludes coverage for Goss' accident" on an owned, two-wheeled motorcycle not insured through USAA.  Regarding public policy, the District Court reasoned that, because "Goss did not pay valuable consideration for [motorcycle] coverage," and "neither the [UIM] owned vehicle exclusion nor the [MP] exclusion violate

7

Montana public policy," the policy validly excluded both UIM and MP coverages for Goss' claim.

¶14 USAA's appellate argument largely aligns with the District Court, noting that "the plain language of the policy excludes coverage for Goss" and that, in any event, USAA does not offer motorcycle insurance in Montana. Further, USAA contends there are no public policy concerns because "the only instance in which the exclusion at issue renders UIM coverage unavailable is when the accident involves the insured's own vehicle which is not insured by USAA," a necessary limitation to ensure that consumers cannot obtain coverage of multiple vehicles with a single UIM policy. Goss argues that, having "paid valuable consideration" for the "personal and portable" policies, he is entitled to both coverages because the exclusions are contrary to public policy.

¶15 In *Stutzman*, a woman sued an insurance company to obtain UIM benefits for damages she sustained in excess of the liability coverage limit after she was injured in a single car accident caused by the negligence of her husband, who was operating the vehicle. *Stutzman*, 284 Mont. at 375, 945 P.2d at 33-34. We upheld the policy's exclusion from UIM coverage of a vehicle "owned by or furnished for regular use of the named insured or any relative," declining to void the exclusion because it did not impact statutory liability requirements, the parties were free to contract the limits on the liability coverage under the policy, that is, insurance consumers could ameliorate the effect of the exclusion by purchasing a policy with higher liability limits, and to hold otherwise would permit

consumers "to substitute inexpensive underinsured motorist coverage for more expensive liability coverage." *Stutzman*, 284 Mont. at 381, 945 P.2d at 37.

¶16    While the UIM coverage at issue here likewise is not statutorily mandated, the other factors validating the exclusion in *Stutzman* are absent. The USAA contract's Part C, governing UIM coverage, clearly provides that Goss is a "covered person" under the UIM policy: "A. Covered person as used in this Part means: 1. You [(Goss)] or any family member." Exclusion B, however, eliminates coverage if Goss is damaged "while occupying, or when struck by, any motor vehicle owned by [Goss] which is not insured for UIM [coverage] under this policy." Therefore, the policy conditions UIM coverage on Goss having his motorcycle insured with USAA, but this is impossible for Goss—USAA does not offer motorcycle coverage in Montana and Goss cannot satisfy the condition to obtain coverage. USAA offers that the exclusion "omits from coverage a vehicle an insured owns, but does not insure with USAA" to "promote[] individuals insuring all of their vehicles appropriately, and for example, not insure[ing] one of seven vehicles and reap[ing] the benefits of coverages under the one vehicle they do insure." This otherwise legitimate purpose, however, is defeated here because Goss had no ability to insure "all" his vehicles, including his motorcycle, with USAA. Goss had done all he could to satisfy the condition by insuring his other vehicles with USAA. The defeat of coverage here is underscored by the fact, acknowledged in the briefing, that UIM coverage would have been available had Goss been riding a motorcycle he did *not* own (the UIM exclusion applies to

a covered person only when occupying "any motor vehicle *owned* by you or your family member which is not insured" (emphasis added)).

¶17 Consequently, regarding UIM, Goss was "without meaningful choice at the time the parties entered the insurance contract at issue" because he was unable to satisfy USAA's condition for coverage. *Stutzman*, 284 Mont. at 381, 945 P.2d at 37. While USAA is free to decline to insure motorcycles, or to require that an owned vehicle be insured with USAA, it cannot then exclude coverage on the ground the insured failed to have his vehicle insured with USAA when that is impossible. We conclude that such an exclusion of coverage by way of an unattainable condition precedent is contrary to public policy. *See Gibson*, ¶ 11 (citing *Hardy*, ¶ 40; *Bennett*, 261 Mont. at 389, 862 P.2d at 1148) ("a provision that defeats coverage for which valuable consideration has been received violates Montana public policy.").[2]

¶18 Turning to the MP coverage, which is governed by a differing provision, we reach a different conclusion. Unlike the UIM coverage, which defined Goss as a "covered person" and then excluded him by an unattainable condition, the plain language of the MP coverage does not define Goss, even though he is the named insured, as a "covered person" unless he satisfies the definitional requirements of "occupying [a] covered auto" or, under

---

[2] This case is thus distinguishable from *Hamilton v. Trinity Universal Ins. Co.*, 465 F. Supp. 2d 1060 (D. Mont. 2006), wherein the United States District Court for the District of Montana upheld a similar owned-vehicle exclusion. *Hamilton*, 465 F. Supp. 2d at 1065-66. There, however, the owned vehicle was insurable under the insured's policy, but the insureds elected not to purchase coverage for it. *See Hamilton*, 465 F. Supp. 2d at 1061-62.

10

the facts here, occupying a non-covered auto that is a "private passenger auto or trailer"; "a moving truck or moving van, but only for [his] personal use" while in his custody or being operated by him; or "[a] miscellaneous vehicle having at least four wheels." Critically, therefore, the consideration Goss paid for the policy included MP coverage for occupancy of a noncovered vehicle only under these enumerated circumstances, which he did not satisfy while riding his motorcycle, and thus cannot claim coverage. While he argues the defeat of coverage and the personal and portable nature of MP coverage as public policy concerns, public policy is not violated by a denial of coverage where compensation has not been paid for the coverage, even when the nature of the coverage is personal and portable. *See Cross*, ¶ 17 ("We have found coverage to be 'personal and portable' when it applies in 'all circumstances,' or, in other words, is applicable without regard to the ownership or use of a motor vehicle."); *Bennett*, 261 Mont. at 389, 862 P.2d at 1148 (declaring coverage was "personal" because it "does not depend on the insured person occupying an insured vehicle."); *Jacobson v. Implement Dealers Mut. Ins. Co.*, 196 Mont. 542, 547, 640 P.2d 908, 912 (1982) (uninsured motorist coverage is personal and portable because "[t]here is no requirement that the insured be occupying an insured vehicle."). Here, the policy's clear terms establish there is no MP coverage for Goss while occupying a motorcycle, and consideration was not exchanged to obtain this coverage. This is a permissible limitation on non-mandatory MP coverage, for which USAA and Goss may "freely contract." *Stutzman*, 284 Mont. at 380-81, 945 P.2d at 37. We conclude

11

the District Court did not err by entering summary judgment in favor of USAA regarding the MP coverage.

¶19 The District Court's entry of summary judgment is affirmed as it relates to MP coverage. We reverse the District Court's entry of summary judgment in USAA's favor regarding UIM coverage and remand for entry of judgment in favor of Goss.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR