NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEODEGARIO SALVADOR, | No. 16-15750 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00149-LDG-GWF |
| v. | |
| BANK OF AMERICA, N.A.; TRUSTEE CORPS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted May 8, 2017[**]

Before: REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Leodegario Salvador appeals pro se from the district court's summary

judgment in his diversity action seeking to quiet title. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *Progressive Cas. Ins. Co. v. Owen*, 519

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1035, 1037 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment because Salvador failed to raise a genuine dispute of material fact as to whether Bank of America's interest in the subject property had been extinguished by the foreclosure sale. *See* Nev. Rev. Stat. § 116.3116 (a Homeowners Association ("HOA") has a "super priority" lien with respect to other liens, and the HOA's super priority lien may constitute up to nine months of HOA fees); *SFR Invs. Pool 1 v. U.S. Bank, N.A.*, 334 P.3d 409, 414 (Nev. 2014) (a holder of a first deed of trust may preserve its interest in the subject property if the amount of the super priority lien is tendered prior to the HOA foreclosure sale).

**AFFIRMED.**