NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE GEHRON; CHERYL L. GEHRON, <br><br>                   Plaintiffs-Appellants, <br>   v. <br><br> CHRISTIANA TRUST, as Trustee of ALRP Trust 4, Erroneously Sued As Wilmington Trust National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust Series 2014-2; OCWEN LOAN SERVICING LLP, Erroneously Sued As Ocwen Loan Servicing LLC, <br><br>                   Defendants-Appellees. | No. 16-55660 <br><br> D.C. No. 5:15-cv-00058-JGB-SP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

George Gehron and Cheryl L. Gehron appeal pro se from the district court's

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment in their action alleging Trust in Lending Act ("TILA") and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Progressive Cas. Ins. Co. v. Owen*, 519 F.3d 1035, 1037 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on the Gehrons' claim that defendants violated California's Homeowner Bill of Rights ("HBOR") because the Gehrons failed to raise a genuine dispute of material fact as to whether defendants failed to comply with Cal. Civ. Code § 2924.18(a)(1). *See* Cal. Civ. Code § 2924.18(a)(1) (setting forth requirements under the HBOR once a borrower has submitted a complete first loan modification).

The district court properly dismissed the Gehrons' TILA claim as barred by the doctrine of res judicata because the Gehrons could have raised this claim in their prior bankruptcy action. *See Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 528-29 (9th Cir. 1998) (applying res judicata to claims a borrower could have brought against the lender in an earlier bankruptcy proceeding); *United States v. Coast Wineries*, 131 F.2d 643, 648 (9th Cir. 1942) ("[A]n order disallowing a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res

16-55660

judicata.").

The district court properly granted summary judgment on the Gehrons' claim under Cal Civ. Code § 2934a because the Gehrons failed to raise a genuine dispute of material fact as to whether the June 9, 2014 substitution of trustee was void. *See* Cal Civ. Code § 2934a(d) (providing that a beneficiary's "authorized agents" may execute a valid substitution of trustee).

The district court properly granted summary judgment on the Gehrons' claim that the May 12, 2014, May 28, 1014, and June 30, 2014 documents assigning the deed of trust were void because the Gehrons failed to raise a genuine dispute of material fact as to whether the assignment was not authorized by the beneficiary's attorney-in-fact. *See* Cal. Prob. Code § 4022 (setting forth standards for a valid "attorney-in-fact" agreement).

We reject as without merit the Gehrons' contention that the district court misapplied California law.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-55660