**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

OCT 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND FELDMAN, | No. 16-56470 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-07439-AB-MRW |
| v. | |
| BOSCO CREDIT LLC, a foreign entity, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Raymond Feldman appeals pro se from the district court's summary judgment in his diversity action seeking to set aside a state court judgment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Progressive Cas. Ins. Co. v. Owen*, 519 F.3d 1035, 1037 (9th Cir. 2008). We may affirm on any

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

basis supported by the record. *Hell's Angels Motorcycle Corp. v. McKinley*, 360 F.3d 930, 933 (9th Cir. 2004). We affirm.

The district court lacked subject matter jurisdiction over Feldman's collateral attack on the state court judgment under the *Rooker-Feldman* doctrine because Feldman's action amounted to a forbidden "de facto appeal" of a prior, final state court judgment. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.").

We reject as without merit Feldman's contention that he was entitled to summary judgment in his favor based on the district court's granting of the parties' requests for judicial notice.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**